KELLY R. GRAF (SBN 301325)
kelly.graf@dentons.com
NATALIE LIMBER (SBN 304252)
natalie.limber@dentons.com
SABRINA CHOW (SBN 335273)
sabrina.chow@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017
Telephone:  213 623 9300
Facsimile:   213 623 9924

Attorneys for Defendant NATIONWIDE
MUTUAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWN OF APPLE VALLEY,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 5:24-cv-1244<br><br>**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Action Filed: May 9, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**:

PLEASE TAKE NOTICE that Defendant Nationwide Mutual Insurance Company ("Nationwide" or "Defendant"), contemporaneously with the filing of this Notice of Removal, hereby removes the below-referenced action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California.

The removal is based on 28 U.S.C. §§ 1332(d) and 1441(b), specifically, on the following grounds:

DENTONS US LLP<br>601 SOUTH FIGUEROA STREET, SUITE 2500<br>LOS ANGELES, CALIFORNIA 90017-5704<br>213 623 9300

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

## JURISDICTION

1. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because (1) the amount in controversy exceeds $75,000 because the Plaintiff's Complaint seeks damages in excess of $75,000, exclusive of interest and costs, and (2) there is diversity between Plaintiff and Defendant because they are citizens of different states. 28 U.S.C. §§ 1332(a), 1441.

3. Accordingly, this case is properly removed under 28 U.S.C. §§ 1332 and 1441, as this case falls within the Court's diversity jurisdiction.

### A. Diversity of Citizenship

4. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1).

5. Nationwide is and was, at the time of filing of the Complaint and the filing of this removal, a corporation incorporated under the laws of and with its principal place of business in Ohio. Therefore, Nationwide is a citizen of Ohio for diversity purposes.

6. Plaintiff Town of Apple Valley ("Plaintiff") is a municipality organized and existing under the laws of the State of California and is, thus, a citizen of California for diversity purposes.

7. Nationwide is the only defendant served in this action.

8. As Plaintiff is a California citizen and Defendant is an Ohio citizen, the parties in this action are diverse.

**B.   Amount in Controversy**

9.      To meet the 28 U.S.C. § 1332(a) amount in controversy threshold, Plaintiff must allege damages in excess of $75,000 at the time of removal.

10.     It is facially apparent from Plaintiff's Complaint that, while Nationwide disputes Plaintiff's allegations and denies liability as to Plaintiff's claims, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint puts at issue the Nationwide commercial general liability policy number RPG7258600 (the "Policy"), which has a coverage limit of $1,000,000.  (Compl., Ex. 3.)  *See Md. Cas. Co. v. Ironshore Specialty Ins. Co.*, Case No. 2:16-cv-00186-MCE-AC, 2016 WL 4096747, 2016 U.S. Dist. LEXIS 100462, at *4–5 (E.D. Cal. July 29, 2016) ("[P]olicy limits are unquestionably a factor relevant in determining whether the amount in controversy requirement for diversity jurisdiction has been met in insurance coverage actions.")

11.     Additionally, Plaintiff's Complaint arises out of its contention that Nationwide owes it a duty to defend and indemnify Plaintiff in the underlying wrongful death action.  *See Century Sur. Co. v. J Quinn Constr.*, Case No. CV 09-06085 DDP (JEMx), 2010 WL 330246, 2010 U.S. Dist. LEXIS 11883, at *10–11 (C.D. Cal. Jan. 20, 2010) ("[T]he value of an insurance company's obligation to defend an insured in an underlying suit is a relevant measure of the amount in controversy in an action for declaratory relief.")  While Plaintiff's defense costs to date are unknown, such costs alone are likely to exceed the minimum amount in controversy to support removal and are certainly to surpass the threshold when combined with Plaintiff's demand for punitive damages and attorneys' fees, as further described below.

12.     Moreover, Plaintiff's Complaint asserts that Defendant allegedly acted "with a conscious disregard for [Plaintiff's] rights" and "with the intent to vex[,] injure or annoy [Plaintiff[ such as to constitute oppression, fraud or malice." (Compl., ¶ 33.) As such, Plaintiff alleges that it is entitled to an award of punitive

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

damages against Defendant. (*Id.*)  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citation omitted).  Punitive damages often exceed the minimum jurisdictional amount on their own.  *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (holding jurisdictional minimum may be satisfied through special and general damages, punitive damages, and attorney's fees).

13.     Plaintiff also seeks attorneys' fees and costs. (Compl., Prayer for Relief.)  Courts have found that attorneys' fees and costs often exceed the minimum jurisdictional amount on their own.  *See James Dickey, Inc. v. Alterra Am. Ins. Co.*, No. 2-15-CV-00963 ODW DTB, 2015 U.S. Dist. LEXIS 97793, 2015 WL 4537732, at *3 (C.D. Cal. July 27, 2015) (holding that California courts may consider attorneys' fees, sought under *Brandt v. Superior Court*, 37 Cal. 3d 813, 815 (1985), as part of the amount in controversy when they are incurred to obtain benefits under an insurance policy); *Campbell*, 825 F. Supp. 2d at (holding jurisdictional minimum may be satisfied through special and general damages, punitive damages, and attorneys' fees); *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (court was within its discretion to find attorneys' fees estimated over the course of the entire litigation would exceed jurisdictional limit).

14.     Consequently, as alleged in Plaintiff's Complaint, Plaintiff's claimed compensatory damages and attorneys' fees far exceed the jurisdictional threshold amount of $75,000.

## PLEADINGS, PROCESS AND ORDERS

15.     On or about May 9, 2024, Plaintiff filed a complaint with the Superior Court of the State of California, County of San Bernardino (the "Complaint"), titled *Town of Apple Valley v. Nationwide Mutual Insurance Company*, Case No. CIV SB 2414057. The Complaint seeks damages "including punitive damages,"

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

"[a]ttorney's fees to obtain wrongfully withheld policy benefits," "prejudgment interest and costs of suit" and declaratory judgments on Nationwide's duty to defend and indemnify. (Compl., Prayer for Relief.) Plaintiff's Complaint alleges causes of action for breach of contract, declaratory relief as to Nationwide's duty to defend, declaratory relief as to Nationwide's duty to indemnify, and tortious breach of the covenant of good faith and fair dealing.

16.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and all process and pleadings in the state court action are attached collectively as **Exhibit A**.

17.    Plaintiff's allegations arise from Nationwide Commercial General Liability Policy No. RPG7258600. (Compl., Ex. 3.) Plaintiff alleges that Nationwide breached its duties under the Policy by refusing to defend and indemnify Plaintiff in an underlying wrongful death action. (Compl., ¶¶ 11–14, 16–20, 22, 25–26, 30–31.)

18.    On May 14, 2024, Nationwide was served with the Summons and Complaint.

## TIMELINESS OF REMOVAL

19.    Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant's notice and receipt of Plaintiff's Summons and Complaint.

## VENUE IS PROPER

20.    Venue is proper under 28 U.S.C. § 1441(a) because the United States District Court, Central District of California embraces the county and court in which Plaintiff filed this action—the Superior Court for the State of California, County of San Bernardino.

## NOTICE TO PLAINTIFF AND SUPERIOR COURT

21.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, and pursuant to

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of California, County of San Bernardino.

## CONCLUSION

22.     Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this action under 28 U.S.C. §§ 1441 and 1446 because, for the reasons set forth above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity between Plaintiff and Defendant who are citizens of different states and/or a foreign state.

23.     Defendant, by filing this Notice of Removal, does not waive any defenses or objections available to it under the law. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant requests that the above-captioned action pending in the Superior Court of the State of California for the County of San Bernardino, Case No. CIV SB 2414057, be removed to this Court.

Dated:  June 13, 2024

Respectfully submitted,

DENTONS US LLP

By:  */s/ Natalie Limber*
Natalie Limber

Attorneys for Defendant
NATIONWIDE MUTUAL
INSURANCE COMPANY

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

# EXHIBIT A

COPY

SUM-100

## SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

MAY 09 2024

By _____
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NATIONWIDE MUTUAL INSURANCE COMPANY, a Ohio Corporation, and DOES 1-25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TOWN OF APPLE VALLEY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN BERNARDINO

247 West Third Street, San Bernardino, CA 92415-0210

CASE NUMBER:
*(Número del Caso):* CIVSB 2 4 1 4 0 5 7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert V. Closson, Esq. / Christopher T. Hicks, Esq. 5030 Camino de la Siesta, Suite 300, San Diego, CA 92108 (619) 233-7006

DATE:
*(Fecha)* MAY 09 2024

Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NATIONWIDE MUTUAL INSURANCE COMPANY, A OHIO CORPORATION
under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

COPY

| | |
|---|---|
| 1 | Robert V. Closson, Esq. (SBN 125646) |
| | bclosson@hirschclosson.com |
| 2 | Christopher T. Hicks (SBN 300462) |
| | chicks@hirschclosson.com |
| 3 | HIRSCH CLOSSON, APLC |
| | 5030 Camino de la Siesta, Suite 300 |
| 4 | San Diego, CA 92108 |
| | Telephone (619) 233-7006 |
| 5 | Facsimile (619) 233-7009 |

**Filing Fee Exempt - Gov't Code 6103**

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

MAY 09 2024

By_____
                        Deputy

6    Attorneys for Plaintiff Town of Apple Valley

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                   FOR THE COUNTY OF SAN BERNARDINO

10   TOWN OF APPLE VALLEY,                CASE NO.: CIV SB **2 4 1 4 0 5 7**

11          Plaintiff,                    **COMPLAINT FOR:**

12   v.                                   1) BREACH OF CONTRACT

13   NATIONWIDE MUTUAL INSURANCE          2) DECLARATORY RELIEF
     COMPANY, a Ohio Corporation, and DOES 1-   [DEFENSE]
14   25, inclusive,
                                          3) DECLARATORY RELIEF
15          Defendants.                   [INDEMNITY]

16                                        4) BREACH OF THE COVENANT
                                          GOOD FAITH AND FAIR DEALING
17

18          Plaintiff Town of Apple Valley (hereinafter "TAV" or "Plaintiff") hereby brings this

19   Complaint against NATIONWIDE MUTUAL INSURANCE COMPANY, a Ohio corporation

20   ("NATIONWIDE" or "Defendant"), and DOES 1-25, inclusive and alleges herein as follows:

21                               **INTRODUCTION**

22          1.     This action arises from NATIONWIDE'S and DOES 1-25 failure and refusal to

23   provide a full and complete defense to the TAV in an underlying lawsuit captioned *Andrews et al.*

24   *v. Chad Richard Goodro, et al.*, San Bernardino Sup. Ct. Case No. CIVSB2204565 (hereinafter, the

25   "Underlying Action"). Defendant's refusal to fully defend the Underlying Action has directly

26   prejudiced the TAV and caused TAV to expend and incur attorneys' fees and costs that remain

27   unreimbursed by Defendants. The TAV seeks compensatory damages based on Defendants' refusal

28   to pay for its defense in the Underlying Action as well as exemplary damages based on Defendants'

                                          1
                                    COMPLAINT

1 | refusal to provide a full and complete defense.

2 | **THE PARTIES**

3 | 2. Plaintiff the TAV is a California municipality located in the County of San

4 | Bernardino, State of California.

5 | 3. The TAV is informed and believes and on that basis alleges that Defendant

6 | NATIONWIDE is a corporation, organized and existing under the laws of the State of Ohio and at

7 | all relevant times hereto was authorized and permitted to transact and was transacting the business

8 | of insurance in the State of California.

9 | 4. The true names and capacities, whether individual, corporate, associate or otherwise

10 | of Defendants DOES 1-25, inclusive, are unknown to Plaintiff, who therefore sues such defendants

11 | by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the

12 | fictitiously-named defendants are insurers which issued, participated in the issuance of or

13 | administrated, one or more of the hereinafter described Policies. Plaintiff shall amend this complaint

14 | to set forth the true names and capacities of the fictitiously-named defendants when ascertained.

15 | **THE UNDERLYING ACTION**

16 | 7. In 2022, the TAV was sued as a defendant in the Underlying Action for damages

17 | including causes of action for negligence and wrongful death. The plaintiffs in the Underlying

18 | Action (hereinafter, "the Andrews") are the survivors of Lawrence Andrews III, a 14 year old minor

19 | (hereinafter "decedent") who was struck and killed by an automobile operated by Richard Goodro

20 | who was negligent in operating his vehicle at an excessive speed at the time of the accident, on or

21 | about 8:11 p.m. on October 19, 2021. The location of the accident was Ottawa Road, the Town of

22 | Apple Valley adjacent to the James A. Woody Community Center and Park where the decedent had

23 | been a participant in an organized, scheduled football game. The football game was conducted by

24 | the Apple Valley Rebels Youth Football & Cheer dba AV Heat ("AV Heat"), the named insured

25 | under NATIONWIDE'S insurance policy. A true and correct copy of the Complaint in the

26 | Underlying Action is attached hereto as Exhibit "1".

27 | 8. The TAV entered into a Facility Use Agreement with AV Heat on or about April,

28 | 2021, which remained in full force and effect at all times during the circumstances which are the

1  subject of the Underlying Action.  AV Heat's use of the facilities was pursuant to a "Facility Use
2  Agreement" which states that AV Heat agreed to indemnify, defend and hold harmless the TAV
3  from any and all causes of action, claims, liabilities, obligations, judgments, or damages, including
4  reasonable attorneys fees, arising out of any and all "activities."  A true and correct copy of the
5  Facility Use Agreement  is attached hereto as Exhibit "2".  Paragraph 12 of the Rules and
6  Regulations section of the Facility Use Agreement indicates that TAV is not responsible for injuries
7  to AV Heat or its guests, and Paragraph 13 indicates that TAV was to be covered as an additional
8  insured for injuries "arising at any time during and/or arising out of or in any way connected with
9  AV Heat's use or occupancy of the TAV's facilities and adjoining property." Paragraph 17 indicated
10  that AV Heat is solely responsible for supervising all individuals at the facility and adjoining
11  property.

12       9.    Pursuant to the Facility Use Agreement the TAV was regularly provided with proof
13  of insurance certificates identifying NATIONWIDE, A.V. Heat's general  liability insurer,  and as
14  the TAV's additional insurer for purposes of its liability arising from A.V. Heat's use of TAV's
15  facilities, including but not limited to the uses set forth in the Facility Use Agreement.

16       10.    The TAV was informed and believes and thereon alleges that the liability of the TAV
17  in the Underlying Action if any, arose in whole or in part from the acts or omissions of A.V. Heat
18  pursuant to the Facility Use Agreement.  Therefore, the TAV tendered its defense and indemnity to
19  NATIONWIDE as an additional insured by letter dated April 28, 2023.

### THE INSURANCE POLICY

21       11.    NATIONWIDE and Does 1 through 10 issued an insurance policy to A.V. Heat,
22  identified as policy number RPG7258600.  The Policy was in effect for the period December 14,
23  2020 to December 14, 2021.  The TAV has not been provided with copies of the Policy, but is
24  informed and believes and thereon alleges that the Policy contains, at a minimum, the terms
25  referenced in NATIONWIDE'S denial of coverage letter to the TAV dated May 18, 2023
26  (hereinafter, "the Denial Letter").  A true and correct copy of the Denial Letter is attached hereto as
27  Exhibit "3," and is incorporated herein as if fully set forth, including but not limited to the references
28  to Policy language and additional insured endorsements.

12.     The CITY is informed and believes and thereon alleges that it qualifies as an "additional insured" under the NATIONWIDE policy with respect to the allegations against it in the Underlying Action, based upon the terms of the NATIONWIDE Policy and the insurance requirements of the Facility Use Agreement.

<u>**TENDERS OF DEFENSE TO DEFENDANTS AND RESPONSES**</u>

13.     As alleged herein above, the TAV is informed and believes and thereon alleges that the liability of the TAV in the Underlying Action if any, arises in whole or in part from the acts or omissions of AV Heat pursuant to the Facility Use Agreement.  In particular, AV Heat was solely responsible for supervising all individuals at the facility and adjoining property. AV Heat's use of the facilities was pursuant to the Facility Use Agreement which requires that AV Heat indemnify, defend and hold harmless the TAV from any and all causes of action, claims, liabilities, obligations, judgments, or damages, including reasonable attorneys fees, arising out of any and all "activities." The Facility Use Agreement indicates that TAV is not responsible for injuries to AV Heat or its guests, and indicates that TAV was to be covered as an additional insured for injuries "arising at any time during and/or arising out of or in any way connected with [AV Heat's] use or occupancy of the Town's facilities and adjoining property."  The TAV tendered its defense and indemnity to NATIONWIDE as an additional insured by letter dated April 28, 2023.

14.     In response to its tender of defense to NATIONWIDE, the TAV received the Denial Letter attached as Exhibit "3".  On July 14, 2023, counsel for the TAV sent a re-tender of defense to NATIONWIDE, responding to the Denial Letter.  A true and correct copy of the TAV's letter of July 14, 2023, is attached hereto as Exhibit "4".  NW confirmed its refusal to provide coverage by a letter dated September 8, 2023, a true and correct copy of which is attached hereto as Exhibit "5."

<u>**FIRST CAUSE OF ACTION**</u>

**(Breach of Contract - Duty to Defend against All Defendants)**

15.     The TAV incorporates and realleges paragraphs 1 through 14 above as though fully set forth herein.

16.     The TAV is informed and believes that it qualifies as an additional insured under the terms of the Policy and as such is entitled to a defense funded by Defendants, including payment of

4

COMPLAINT

1  the costs, fees and expenses of said defense.  The  Policy provides primary coverage  and a duty to

2  defend and indemnify for liability for personal injury which potentially occurs while those policies

3  were in effect.

4         17.    The TAV has performed each and every obligation, condition, and covenant required

5  of it under the Policy.

6         18.    Defendants have each failed to provide a full and complete defense under the Policy

7  despite their obligation to do so.  Defendants' failure and refusal to provide a defense constitutes a

8  failure to defend and a breach of the Defendants' contractual obligations owed to the TAV under the

9  Policy.

10         19.    As a direct and proximate result of Defendants' breach, the TAV was compelled to

11  engage counsel and incur, and continues to incur, substantial damages in excess of the jurisdictional

12  limits of this Court, which includes, without limitation, compensatory damages, attorney's fees and

13  costs incurred by the TAV in defending itself in the Underlying Action, and other damages to be

14  ascertained.

15         20.    The full nature and extent of said injuries and damage are not known to the TAV at

16  this time as the Underlying Action is ongoing.  The TAV requests leave to amend this Complaint

17  when the full nature and extent of such damages are known.

18  **SECOND CAUSE OF ACTION**

19  **(Declaratory Relief – Duty to Defend against All Defendants)**

20         21.    The TAV incorporates and realleges paragraphs 1 through 20 above as

21  though fully set forth herein.

22         22.    An actual and justiciable controversy exists between the TAV on the one

23  hand, and Defendants, on the other hand, regarding whether the TAV is entitled to a defense as an

24  additional insured under the Policy with respect to the claims against it in the Underlying Action.

25         23.    The interests of the parties are adverse, the TAV has a legally protectable interest in

26  the controversy and no adequate remedy at law, and the issues are ripe for judicial determination.

27  **THIRD CAUSE OF ACTION**

28  **(Declaratory Relief – Duty to Indemnify against All Defendants)**

24.     The TAV incorporates and realleges paragraphs 1 through 23 above as though fully set forth herein.

25.     The TAV asserts that Defendants, and each of them, have independent duties under the Policies to indemnify the TAV for the damages alleged in the Underlying Action. Defendants' policy provides primary coverage and a duty to defend and indemnify for covered property damage which occurs while those policies were in effect. The TAV is informed and believes and thereon alleges that to the extent the Underlying Action results in a judgment against it for property damage as may be defined in the Policy, Defendants each have a duty to indemnify the TAV for such damages in the Underlying Action.

26.     There is an actual and present controversy between the TAV on the one hand, and Defendants and each of them on the other, as to the respective rights and obligations under the Policies with regard to indemnity obligations owed to the TAV as an additional insured for the claims against it in the Underlying Action. The TAV contends that the Defendants' policy provides actual coverage for the imposition of damages against the TAV, if any is imposed, in the Underlying Action. Defendants each contend that they owe no duty to indemnify the TAV. By reason thereof, an actual controversy has arisen and now exists between the TAV and Defendants and a judicial determination of such controversy is necessary and appropriate at this time.

27.     By reason of the foregoing, a controversy exists between the parties hereto which requires a declaratory judgment of this Court.

## FOURTH CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing against All Defendants)**

28.     The TAV incorporates and realleges paragraphs 1 through 27 above as though fully set forth herein.

29.     Pursuant to the Policy and obligations created thereunder, at all material times, Defendants had a duty to act fairly and in good faith to the TAV in carrying out their responsibilities under the Policy.

30.     Implicit in Defendants' obligation to act fairly and in good faith to the TAV is the duty to promptly investigate and to provide a full and complete defense. Defendants have

1  tortiously breached the implied covenant of good faith and fair dealing by failing to promptly
2  investigate and provide a defense to the TAV relative to the claims in the Underlying Action.

3      31.   Defendants engaged in, and continue to engage in, a course of conduct to further their
4  own economic interests in direct violation of their obligations to the TAV. This conduct includes,
5  but is not limited to:

6          (a) Unreasonable delays in acting upon and/or responding to the TAV's tender
7          of defense;

8          (b) Unreasonable refusal to objectively review and consider evidence and arguments
9          submitted on behalf of the TAV;

10         (c) Unreasonable failure to provide benefits due to the TAV when it was evident
11         such benefits were owed;

12         (d) Failing to respond to inquiries from the TAV concerning the obligation to defend
13         the Underlying Action;

14         (e) Compelling the TAV to initiate litigation to obtain benefits due under the Policy;
15         and

16         (f) Other unlawful claims practices according to proof at the time of trial.

17      32.   As a direct and proximate result of the aforementioned wrongful conduct,
18  the TAV has suffered, and will continue to suffer, damages in amounts to be shown at the time of
19  trial, plus interest.

20      33.   Defendants' conduct described herein was done with a conscious disregard for
21  the TAV's rights and constitutes despicable conduct, and was done with the intent to vex injure or
22  annoy the TAV such as to constitute oppression, fraud or malice pursuant to California Civil Code
23  § 3294, entitling the TAV to punitive damages in an amount appropriate to punish or set an example
24  of Defendants.

25      34.   As a further direct and proximate result of Defendants' conduct, the TAV has been
26  obligated to expend funds and incur liability for costs of suit, attorney's fees and related expenses
27  in an amount not yet fully ascertained, but will be submitted at the time of trial.

28      WHEREFORE, Plaintiff TAV prays for judgment against Defendants and each of them, as

follows:

1.     All damage caused by or resulting from Defendants' failure to provide a full and complete defense to the TAV in the Underlying Action;

2.     A declaratory judgment that Defendants are obligated to defend the TAV in the Underlying Action;

3.     A declaratory judgment that Defendants are obligated to indemnify the TAV in the Underlying Action.

5.     All damage caused by or resulting from Defendants' unreasonable failure to provide policy benefits including punitive damages as result of Defendants' breach of the implied covenant of good faith and fair dealing;

6.     Attorney's fees to obtain wrongfully withheld policy benefits pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813;

7.     Prejudgment interest and costs of suit; and

8.     For such other and further relief as the Court may deem proper.

DATED: *January 19, 2024*

HIRSCH CLOSSON, APLC

By _____
Robert V. Closson, Esq.
Attorneys for Plaintiff
TOWN OF APPLE VALLEY

8

COMPLAINT

EXHIBIT "1"

EXHIBIT "1"

Received By
Town Clerk
Date __4-3-23__
Time __9:54am__

**SUM-100**

## Town of Apple Valley SUMMONS on First Amended Complaint
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHAD RICHARD GOODRO; TOWN OF APPLE VALLEY, CA an incorporated municipal
corporation; DOES 1-100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAWRENCE ANDREWS, JR., an individual and as representative of the Decedent, and SARAH
ANDREWS, an individual, AMORYONNA ANDREWS, a minor, and JORDAN ANDREWS, a minor,

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 2 7 2022

By_____
Amaris Morales Eumana Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Superior Court

San Bernardino Justice Center, 247 West 3rd St., San Bernardino, CA 92415

CASE NUMBER:
*(Número del Caso):*
CIVSB2204565

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del demandante, o del demandante que no tiene abogado, es):*
Alex Gilanians, Esq. [160807], 100 W. Broadway, Suite 1060, Glendale, CA 91210  Tel. (818) 548-1816

DATE:
*(Fecha)* OCT 2 7 2022

Clerk, by
*(Secretario)* Amaris Morales Eumana , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Town of Apple Valley, CA, an incorporated municipal corporation
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**
on First Amended Complaint

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  ALEX GILANIANS, [SBN 180807]
2  ALEX GILANIANS APLC
   100 W. Broadway, Suite 1060
3  Glendale, CA 91210
4  Tel. No.: (818) 548-1816
   Fax No.: (818) 548-0049
5
6  Attorneys for Plaintiffs, Lawrence Andrews,
   Sarah Andrews, Amoryonna Andrews and Jordan Andrews
7

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 0 1 2022

By_____ Deputy
Amaris Morales Eumana

8
9            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10      COUNTY OF SAN BERNARDINO, SAN BERNARDINO JUSTICE CENTER
11

12  LAWRENCE ANDREWS, JR., an individual )   CASE NO. CIVSB2204565
    and as representative of the Decedent, and )
13  SARAH ANDREWS, an individual,         )   FIRST AMENDED COMPLAINT FOR
    AMORYONNA ANDREWS, a minor, and       )   DAMAGES RESULTING FROM
14  JORDAN ANDREWS, a minor.              )   NEGLIGENCE AND WRONGFUL DEATH
15                                        )
                         Plaintiffs,      )   1.  NEGLIGENCE
16                                        )   2.  NEGLIGENCE PER SE
17        v.                              )   3.  WRONGFUL DEATH (CCP 377.60)
                                          )   4.  NEGLIGENCE
18  CHAD RICHARD GOODRO; TOWN OF          )   5.  WRONGFUL DEATH (CCP 377.60)
    APPLE VALLEY, CA, an incorporated     )   6.  SURVIVAL (CCP 377.30)
19  municipal corporation; DOES 1-100,    )
20                                        )
                                          )
21                       Defendants.      )

22  Plaintiffs, by and through undersigned counsel, and for their First Amended Complaint against

23  Defendants, allege as follows:

24            **PARTIES, JURISDICTION AND VENUE**

25       1.    Plaintiffs, Lawrence Andrews, Jr. and Sarah Andrews ("Parents") is/are residents of San

26  Bernardino County, California, and are the parents of the deceased Lawrence Andrews III ("Decedent")

27  who was age 14 at the time of the incident. Plaintiff Lawrence Andrews, Jr. is the personal

28  representative of Decedent's Estate. Parents bring this action on behalf of themselves, Decedent's

1
**FIRST AMENDED COMPLAINT FOR DAMAGES**

minor siblings, other statutory beneficiaries and/or the estate pursuant to Code of Civil Procedure ("CCP") §377.34, §377.30 and §377.60. The Declaration required by CCP 377.32 is attached and incorporated into this Complaint.

2.  Decedent, Lawrence Andrews III ("Decedent") is the son of Plaintiff Lawrence Andrews, Jr. and stepson of Plaintiff Sarah Andrews. Decedent was 14 years old at the time of his death, was a star running back Junior Varsity football player at Apple Valley High School and held aspirations to play football for UCLA and the NFL.

3.  Defendant CHAD RICHARD GOODRO ("Defendant Goodro") is a resident of San Bernardino County, State of California.

4.  Defendant TOWN OF APPLE VALLEY ("Defendant Town") is an incorporated town/municipality in San Bernardino County, CA.

5.  Plaintiffs do not know the true names of all Defendants at this time, and herein refers to such unknown persons as DOES 1 through 100, inclusive, and therefore sues them by those fictitious names. Discovery has not been completed as of the time of this writing. The names, capacities and relationships of Does 1 through 10 will be alleged by amendment to this complaint when the same are known.

6.  Jurisdiction and venue are proper as the events giving rise to Plaintiffs' Complaint occurred in San Bernardino County, California and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

## GENERAL ALLEGATIONS

7.  Plaintiffs re-allege and incorporate by reference all prior allegations contained in this Complaint as if set forth fully herein.

8.  James A. Woody Community Center and Park (the "Park") is located at 13467 Navajo Road, Apple Valley, CA; the facility consists of 8-10 lighted ball fields, full restroom facilities, outdoor basketball courts, indoor rentable event rooms, rentable outside event shade structures, large and small playground equipment, walking trails, picnic tables, BBQ grills and a Skate Park. Ottawa Road borders the James A. Woody Community Center and Park on the southside. Youth and Adult Sports leagues

2
**FIRST AMENDED COMPLAINT FOR DAMAGES**

utilize the ball fields and facilities and thousands of children and adults attend games, community events, programs and afterschool, weekend and evening classes at the facilities.

9.     Depending on the number of patrons utilizing the facilities at the James A. Woody Community Center and Park, due to extremely limited parking facilities onsite at the James A. Woody Community Center and Park, when park utilization is high, patrons are often forced to park off-site and must cross substantially unlighted streets with no marked crosswalks and no signage.

10.     On or about October 19, 2021, Decedent, his stepmother and his two younger siblings were leaving the Park, and crossing Ottawa Road after Decedent finished assisting with coaching at his younger brother's peewee football game at the athletic fields at the Park at 13467 Navajo Road, Apple Valley, CA.

11.     On or about October 19, 2021, at approximately 8:11 pm, Defendant Goodro, the driver of a motor vehicle, was traveling on Ottawa Road, between Navajo and Manhasset Roads, in Apple Valley, California, at a high and excessive rate of speed when Defendant negligently and carelessly failed to yield to pedestrian traffic and failed to control the location and speed of his vehicle, causing it to violently strike Decedent resulting in his personal injuries and eventual death, and causing harms, losses and damages to the Plaintiffs and/or each interested party Plaintiff represents (the "Incident").

12.     Witnesses at the scene of the Incident reported that they had heard squealing tires prior to the Vehicle nearing Decedent and continuous acceleration of the vehicle before, during and after Decedent was struck by said vehicle.

13.     The vehicle that struck Decedent callously did not stop at the scene and fled, necessitating a San Bernadino County Sheriff's Department search for the fugitive perpetrator.

14.     On October 25, 2021, Police arrested Defendant Goodro, an Apple Valley resident, after receiving an anonymous tip based on the published description of the vehicle that was seen striking Decedent.

15.     Defendant Goodro was/is charged with "Felony Hit and Run, Death Resulting", "Possession of Controlled Substance while Armed", and "Possession of an Assault Weapon" by the SBSD and, at the time of this writing, is currently released on $125,000 bail.

**FIRST CAUSE OF ACTION**

(NEGLIGENCE – CCP § 377.30 *et seq*. - Against Defendant Goodro)

16.     Plaintiffs re-allege and incorporate by reference all prior allegations contained in this Complaint.

17.     At all relevant times, Defendant Goodro owed Decedent a duty of care to drive prudently, safely and within the bounds of the law, including a duty to exercise reasonable care, reasonable and prudent under the circumstances, while driving a motor vehicle on a roadway, including controlling the location and speed of the vehicle as necessary to avoid colliding with any object, person or vehicle.

18.     Defendant Goodro breached his duty of care owed to Decedent when Defendant Goodro operated his vehicle in such a negligent manner so as to cause the accident, as described in this Complaint, in which Decedent was injured and ultimately died. Said accident, injuries and resultant death were caused by the gross negligence, tortious conduct and wrongdoing of Defendant Goodro and others, without any negligence or contribution on the part of the Decedent.

19.     As the direct and proximate result of Defendant Goodro's gross negligence, tortious conduct and wrongdoing, Decedent sustained serious injuries that later resulted in death.

20.     As a direct and proximate result of Defendant Goodro's gross negligence, tortious conduct and wrongdoing, Plaintiff Sarah Andrews, who was present at the scene, suffered the death of her 14-year-old stepson and experienced severe emotional distress due to Decedent's death.

21.     As a direct and proximate result of Defendant Goodro's gross negligence, tortious conduct and wrongdoing, Decedent's siblings, Amoryonna Andrews and Jordan Andrews who were present at the scene, witnessed and suffered the death of their brother and experienced severe emotional distress due to the death of their beloved brother, who shortly before the incident, had just finished helping coach his younger sibling's Peewee football team; Mother and the two young siblings witnessed the collision and the death of their beloved son and brother Lawrence at the scene.

22.     As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Plaintiff Lawrence Andrews, who was not present at the scene of the incident, suffered the

death of his son Lawrence Andrews III and experienced severe emotional distress due to the death of his beloved son.

23.     As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing which caused grave injury, pain and suffering to Decedent prior to his succumbing to injuries later at the scene of the accident, Decedent's family, the Plaintiffs, incurred pain and suffering and great economic damages.

**SECOND CAUSE OF ACTION**

(NEGLIGENCE PER SE – CCP § 377.60 *et seq*. - Against Defendant Goodro)

24.     Plaintiffs re-allege and incorporate by reference all prior allegations contained in this Complaint.

25.     At all relevant times, Defendant owed a duty to comply with applicable statutes, regulations, and rules related to the safe operation of a motor vehicle in the State of California including driving at safe and reasonable speeds, remaining alert and attentive, being able to control his vehicle and bring his vehicle to a safe and complete stop before colliding with other vehicles and persons, and also not to drive while intoxicated or impaired.

26.     Defendant breached this duty when he drove a vehicle with disregard for the safety of persons, as required by California Vehicle Code ("CVC") § 13372(6)(C) which resulted in death by moving violation.

27.     Defendant breached this duty when he drove a vehicle and failed to stop and render aid in an accident involving injury or death in violation of CVC §13372(6)(A) which resulted in death by moving violation.

28.     Defendant breached this duty when he failed to control the speed of his vehicle, as required by CVC § 21950.

29.     Defendant breached this duty when he failed to yield right away to a pedestrian in an unmarked crosswalk at an intersection, as required by CVC § 21950.

30.     Decedent was, at the time of the collision, within the class of persons whom the above-referenced statutes were meant to protect.

31.     Defendant's failure to comply with the above-referenced statutes contributed to the type of collision against which the law was designed to protect.

32.     Defendant's failure to comply with the above-referenced statutes was a direct and proximate cause of, and contributed to, Decedent's injuries and death and thus constitutes negligence per se.

33.     As a contributing direct and proximate result of Plaintiff's negligence per se, Decedent was struck and killed by Defendant and Plaintiffs have suffered personal injury and damages, past and future, and incurred funeral expenses, medical and other healthcare-related expenses, the Plaintiff estate lost income, lost profits, and/or lost earning capacity and Plaintiffs will incur additional medical and other healthcare related expenses in the future.

## THIRD CAUSE OF ACTION
(WRONGFUL DEATH – CCP § 377.60 *et seq.* – Against Defendant Goodro)

34.     Plaintiffs re-allege and incorporate by reference all prior allegations contained in this Complaint.

35.     Defendant's gross negligence contributed to the death of Decedent.

36.     As a consequence of Decedent's death, his Father, Stepmother and younger siblings suffered pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced for the rest of their lives.

37.     As a further consequence of Decedent's death contributed to by Defendant, Plaintiffs incurred expenses for funeral and burial, medical care and services for the injury that resulted in the death, lost wages, loss of earning capacity, and counseling for his other immediate family members.

38.     As a further consequence of Decedent's death contributed to by Defendant, Plaintiffs have incurred the loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

## FOURTH CAUSE OF ACTION
(NEGLIGENCE - against
Defendants TOWN OF APPLE VALLEY & DOES 1-100)

FIRST AMENDED COMPLAINT FOR DAMAGES

39.     Plaintiffs re-allege and incorporate by reference all prior allegations contained in this Complaint.

40.     Defendants TOWN OF APPLE VALLEY and DOES 1-100 owed a duty of care to LAWRENCE ANDREWS III and the rest of the residents, visitors, students and children that use the city owned and managed facility, fields and playground located at 13467 Navajo Road, Apple Valley, CA to provide safe parking for use while visiting the facility and safe access to those parking facilities. The defendants breached that duty by the conduct described below and that breach caused the damages previously described.

41.     James A. Woody Community Center and Park is located at 13467 Navajo Road, Apple Valley, CA; the facility consists of 8-10 lighted ball fields, full restroom facilities, outdoor basketball courts, indoor rentable event rooms, rentable outside event shade structures, a childrens' playground with large and small playground equipment, walking trails, picnic tables, BBQ grills and a Skate Park; the Park is bounded on the southside by various commercial businesses and Ottawa Road.

42.     The land area of the Park is L-shaped and the land area where Field #8 is located extends from the northern border of the Park at Powhatan Road to the southern border of the Park at Ottawa Road; all areas within the Park are contiguous and every area of the Park is freely accessible from every other area of the Park.

43.     The Park has limited parking on-site and it is widely known that excess parking is available at the First Assembly of God Church located across Ottawa Road from the Park playing field that borders Ottawa Road.

44.     On October 19, 2021, Defendant Town was responsible for maintaining and ensuring the safety of Decedent and family at and along the previously described street crossing on Ottawa Road, between Navajo and Manhasset Roads, in Apple Valley, California, and for properly and safely managing, operating, overseeing, and coordinating the travel of vehicles and pedestrians crossing from 13467 Navajo Road and the James A. Woody Community Center and Park.

45.     On and prior to October 19, 2021, the street near the James A. Woody Community Center and Park, Apple Valley, CA, and the other equipment located in the vicinity were, as a result of the negligent or other culpable conduct of defendants, in an improper, dangerous and/or defective

FIRST AMENDED COMPLAINT FOR DAMAGES

1   condition that was actually known or constructively known by defendants TOWN OF APPLE

2   VALLEY and DOES 1-100 that created dangerous conditions and a substantial risk of injury when the

3   area was used in a reasonably foreseeable manner.

4        46.    This condition occurred in that, among other things, the roads, lighting, crossing, and the

5   surrounding area were negligently designed, controlled, installed, constructed, overseen, and

6   maintained in an unsafe and improper manner by Defendants TOWN OF APPLE VALLEY and DOES

7   1-100, in that vehicle speed restrictions are dangerously high for the purposes for which the James A.

8   Woody Community Center and Park, Apple Valley, CA exists, and traffic operations near and adjacent

9   to the Park are not carried out in a safe, non-negligent and/or proper manner, which thereby caused the

10  unreasonable risk of serious bodily injuries and death to pedestrians and other James A. Woody

11  Community Center and Park users, including LAWRENCE ANDREWS III.

12       47.    Prior to the time of the accident, Defendants TOWN OF APPLE VALLEY and DOES

13  1-100 had knowledge of the improper conditions of the area and of the inevitability of a deadly

14  collision between motor vehicle and pedestrian that would result from said condition, yet Defendants

15  TOWN OF APPLE VALLEY and DOES 1-100 consciously ignored that inevitability and, in an effort

16  to save money, refused to install and utilize readily available safety mechanisms or procedures, such as

17  warning systems, reduced speed signs, lights, crossing guards, marked crosswalks and other known

18  safety mechanisms.

19       48.    According to the California Office of Traffic Safety, in the year 2017, The Town of

20  Apple Valley, CA was the scene of 4 hit and run traffic incidents where people were killed or injured,

21  in year 2018 there were 10 hit and run incidents where people were killed or injured, and in year 2019

22  there were 18 hit and run incidents where people were killed or injured.

23       49.    According to the California Office of Traffic Safety, in the year 2017, The Town of

24  Apple Valley, CA was the scene of 19 traffic incidents where pedestrians were killed or injured, in year

25  2018 there were 9 incidents where pedestrians were killed or injured, and in year 2019 there were 18

26  incidents where pedestrians were killed or injured.

27       50.    According to the California Office of Traffic Safety, in the year 2017, The Town of

28  Apple Valley, CA experienced 64 speed-related incidents involving injury or death, in year 2018 there

1  were 44 speed-related incidents involving injury or death, and in the year 2019, there were 64 speed-
2  related incidents involving injury or death.

3     51.    Per the Apple Valley Parks and Recreation Dept. August 21, 2021 statistics on Park
4  utilization for the entire Park's system in Apple Valley, there were 24,000 actual and expected visits to
5  Parks for Youth Baseball practices and games during season 2021-2022, 13,600 actual and expected
6  visits to Parks for Youth Football practices and games during 2021-2022, and 19,200 actual and
7  expected visits to Parks for practices and games during season 2021-2022. Through September 2021,
8  there had been 423 playing field use reservations at James Woody Park, which is second only to the
9  Lenny Brewster Sports Center in Apple Valley. Through September 2021, utilization of James Woody
10  Park sports fields represented more than 1/3 of all uses (423 out of 1182) of sports fields amongst the 9
11  Parks and Recreation sites providing sports playing fields in Apple Valley.

12     52.    By putting profits before resident safety, and safety of the community's children,
13  Defendants TOWN OF APPLE VALLEY and DOES 1-100 acted with neglect and a conscious
14  disregard for the safety of the public, the rights of Plaintiffs and Decedent, and the community at large.

15     53.    Plaintiffs submitted a claim to the TOWN OF APPLE VALLEY on March 7, 2022
16  which was rejected by the TOWN OF APPLE VALLEY on March 8, 2022. A copy of the TOWN OF
17  APPLE VALLEY rejection letter to Plaintiff, dated March 8, 2022, is attached hereto as Exhibit A.

18     54.    As a consequence, Defendants TOWN OF APPLE VALLEY and DOES 1-100 are
19  liable to Plaintiffs for damages.

20                    **FIFTH CAUSE OF ACTION**

21     (WRONGFUL DEATH – CCP § 377.60 *et seq.* – Against Defendants TOWN OF APPLE VALLEY
22                         and DOES 1-100)

23     55.    Plaintiffs re-allege and incorporate by reference all prior allegations contained in this
24  Complaint.

25     56.    Defendant's gross negligence caused or contributed to the death of Decedent.

26     57.    As a consequence of Decedent's death, his Father, Stepmother and younger siblings
27  suffered pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and
28  reasonably probable to be experienced for the rest of their lives.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

58.     As a further consequence of Decedent's death contributed to or caused by Defendant, Plaintiffs incurred expenses for funeral and burial, medical care and services for the injury that resulted in the death, lost wages, loss of earning capacity, and counseling for his other immediate family members. As a further consequence of Decedent's death caused or contributed to by Defendant, Plaintiffs have incurred the loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

59.     As a further consequence of Decedent's death caused or contributed to by Defendant, Plaintiffs have incurred the loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

### SIXTH CAUSE OF ACTION

(SURVIVAL – CCP § 377.30 *et seq.* – Against Defendants GOODRO, TOWN OF APPLE VALLEY and DOES 1-100 by Plaintiff Lawrence Andrews, Jr, as representative of Decedent's Estate)

60.     Plaintiffs re-allege and incorporate by reference all prior allegations contained in this Complaint.

61.     Decedent, Lawrence Andrews III is the son of Plaintiff Lawrence Andrews, Jr., the Personal Representative of Decedent's Estate. Decedent was 14 years old at the time of his death, was a star running back Junior Varsity football player at Apple Valley High School and held aspirations to play football for UCLA and the NFL.

62.     On or about October 19, 2021, Decedent, his stepmother and his two younger siblings were leaving the James Woody Community Park after Decedent finished assisting with coaching at his younger brother's peewee football game at the athletic fields at James Woody Community Center Park at 13467 Navajo Road, Apple Valley, CA.

63.     On or about October 19, 2021, at approximately 8:11 pm, Defendant Goodro, the driver of a motor vehicle, was traveling on Ottawa Road, between Navajo and Manhasset Roads, in Apple Valley, California, at a high and excessive rate of speed, causing it to violently strike Decedent resulting in his personal injuries, pain and suffering and later eventual death at the scene, and causing harms, losses and damages to the Decedent (the "Incident").

64.    Decedent suffered grievous and unbearable pain and suffering due to the gross negligence of Defendants Goodro and Town of Apple Valley prior to succumbing to his injuries at the scene.

65.    Thus, Decedent was prevented, through no fault of his own, at the age of only 14 years old, from achieving his life goals of playing college and Professional football, and any opportunity to, or chance of even attempting to, reach those goals and prospering therefrom.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, jointly and severally, as hereinafter set forth:

1.  For damages in an amount according to proof at trial, and beyond the jurisdictional minimum of this Court;
2.  For economic losses, in an amount according to proof at trial;
3.  For pre-death injury, pain, suffering, anxiety, and emotional distress to Plaintiffs and Decedent;
4.  For interest upon any judgment entered as provided by law;
5.  For costs of suit incurred herein;
6.  For punitive damages as may be allowed by law, based on the willful misconduct and conscious disregard for lives and safety described above; and
7.  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  August 25, 2022                    ALEX GILANIANS, APLC

                                           By
                                              Alex Gilanians, Esq.
                                              Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES**

DocuSign Envelope ID: FE736788-4830-4DA4-9345-5C678E5131E3

### DECLARATION OF LAWRENCE ARCHIE ANDREWS, JR.
#### (CCP § 377.32)

1. My name is Lawrence Archie Andrews, Jr. and I am over the age of 18 years old.

2. I am the father of Lawrence Archie Andrews, III, the decedent in this case.

3. I am executing this Declaration as required by California Code of Civil Procedure § 377.32.

4. I have had full custody of Lawrence Archie Andrews, III for 11 years.

5. Lawrence Archie Andrews, III was killed on October 19, 2021 in a motor vehicle vs. pedestrian accident on the 21800 block of Ottawa Road, Apple Valley, CA. Lawrence was 14 years old when he was killed.

6. No proceeding is now pending in California for administration of Lawrence Archie Andrews, III's estate.

7. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

8. A copy of Lawrence Archie Andrews, III certified Death Certificate is attached hereto.

The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



3/10/2022

Lawrence Archie Andrews, Jr.

**CERTIFICATE OF DEATH**

| | | |
|---|---|---|
| LAWRENCE | ARCHIE | ANDREWS, III |

10/28/2006  14

CA  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  NEVER MARRIED  10/18/2021  2021

10  BLACK

STUDENT  EDUCATION

18412 TALOGA ROAD

APPLE VALLEY  SAN BERNARDINO  92306  14  CA

LAWRENCE ARCHIE ANDREWS, FATHER  18511 TALOGA ROAD, APPLE VALLEY, CA 92308

| | | | |
|---|---|---|---|
| LAWRENCE | ARCHIE | ANDREWS | CA |
| AERIAL | ESHELLE | BROWN | CA |

11/18/2021  RES OF LAWRENCE ARCHIE ANDREWS  18511 TALOGA ROAD, APPLE VALLEY, CA 92306

CREMATE/RESIDENCE  NOT EMBALMED

SUNSET HILLS MORTUARY NC  FD1640  MICHAEL A. SEQUEIRA, MD  53  11/18/2021

**CITY/STREET**

SAN BERNARDINO  1800 BLOCK OF OTTAWA ROAD  APPLE VALLEY

MULTIPLE BLUNT FORCE INJURIES  SECS  2021109363

NONE

NO

STREET AND/OR HIGHWAY

PEDESTRIAN STRUCK BY VEHICLE WHILE CROSSING THE ROAD

1800 BLOCK OF OTTAWA ROAD
APPLE VALLEY, CA 92307

MERCEDES PADILLA  52  11/17/2021  MERCEDES PADILLA

CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO  DATE ISSUED  12/07/2021

# EXHIBIT A



# Town of Apple Valley

A Better Way of Life

March 8, 2022

Lawrence Andrews
c/o Alex Gilanians, Esq.
100 West Broadway, Suite 1060
Glendale, CA  91210

Re:  **Claimant – Lawrence Andrews**

Notice is hereby given that the claim presented to the Clerk of the Town Council of the Town of Apple Valley on March 7, 2022, was rejected on March 8, 2022.

## WARNING

Subject to certain exceptions, (including but not limited to Federal causes of action which may or may not have shorter or longer statute of limitations), you have only six (6) months from the date this notice was personally delivered or deposited in the United States mail to file a court action in a Municipal or a Superior Court of the State of California on this claim.  (See Government Code Section 945.6)

Thank you for your time and attention to this matter.

Best regards,

Yvonne Rivera, CMC
Deputy Town Clerk
Risk Management Services

cc:     Harvey W. Wimer III, Graves & King, LLP
        Timothy M. Varon, Carl Warren & Company
        La Vonda M-Pearson, Town of Apple Valley

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA       )

                          ss

COUNTY OF SAN BERNARDINO    )

I am employed in the county aforesaid. I am over the age of eighteen (18) years and not a party to the within cause or claim. My business address is 14955 Dale Evans Parkway, Apple Valley, California, CA 92307

On March 8, 2022, I served the NOTICE OF REJECTION OF CLAIM regarding Lawrence Andrews, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Apple Valley, California addressed as follows:

Alex Gilanians, Esq.
100 West Broadway, Suite 1060
Glendale, CA 91210

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2022, at Apple Valley, California.

Yvonne Rivera, CMC
Deputy Town Clerk
Risk Management Services

 Town of Apple Valley

A Better Way of Life

May 11, 2022

Lawrence Andrews
c/o Alex Gilanians, Esq.
100 West Broadway, Suite 1060
Glendale, CA 91210

Re: **Claimant — Lawrence Andrews**

AMENDED NOTICE OF REJECTION

Notice is hereby given that the claim that you presented to the Clerk of the Town Council of the Town of Apple Valley on March 7, 2022, was rejected on March 8, 2022.

**WARNING**

Subject to certain exceptions, (including but not limited to Federal causes of action which may or may not have shorter or longer statute of limitations), you have only six (6) months from the date this notice was personally delivered or deposited in the United States mail to file a court action in a Municipal or a Superior Court of the State of California on this claim. See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Thank you for your time and attention to this matter.

Best regards,

Yvonne Rivera, CMC
Deputy Town Clerk
Risk Management Services

cc:    Timothy M. Varon, Carl Warren & Company

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA            )
                                                    ss
COUNTY OF SAN BERNARDINO      )

I am employed in the county aforesaid. I am over the age of eighteen (18) years
and not a party to the within cause or claim. My business address is 14955 Dale
Evans Parkway, Apple Valley, California, CA 92307

On May 11, 2022, I served the NOTICE OF REJECTION OF CLAIM regarding
Lawrence Andrews, by placing a true copy thereof enclosed in a sealed envelope
with postage thereon fully prepaid, in the United States mail at Apple Valley,
California addressed as follows:

Alex Gilanians, Esq.
100 West Broadway, Suite 1060
Glendale, CA 91210

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 11, 2022, at Apple Valley, California.

Yvonne Rivera, CMC
Deputy Town Clerk
Risk Management Services



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| | |
|---|---|
| Andrews, Jr. et al<br>-v-<br>Goodro et al | |
| **NOTICE OF RE-ASSIGNMENT OF CASE FOR ALL PURPOSES** | Case Number<br>CIVSB2204565 |

Party Noticed:
ALEX GILANIANS
100 W Broadway Suite 1060
Glendale CA 91210

PLEASE TAKE NOTICE:

The above-entitled case has been reassigned for all purposes to Honorable **Brian S McCarville in Department S30 - SBJC**

All existing hearings scheduled on or after **04/10/2023** will be heard in the reassigned department located at:

San Bernardino District
Department S30 - SBJC
247 West 3rd St
San Bernardino CA 92415

No further notice will be sent by the court.

------------------------------------------------

**CERTIFICATE OF SERVICE**

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☒ Enclosed in an envelope mailed to the interested party addressed above, for collection and mailing this date, following ordinary business practice.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above, or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 3/7/2023

I declare under penalty of perjury that the forgoing is true and correct. Executed on 3/7/2023 at San Bernardino.

By: _____
Valerie Uruena, Deputy Clerk

ALEX GILANIANS, [SBN 180807]
ALEX GILANIANS APLC
100 W. Broadway, Suite 1060
Glendale, CA 91210
Tel. No.: (818) 548-1816
Fax No.: (818) 548-0049

Attorneys for Plaintiffs, Lawrence Andrews,
Sarah Andrews, Amoryonna Andrews and Jordan Andrews

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO, SAN BERNARDINO JUSTICE CENTER**

| | |
|---|---|
| LAWRENCE ANDREWS, JR., an individual and as representative of the Decedent, and SARAH ANDREWS, an individual, AMORYONNA ANDREWS, a minor, and JORDAN ANDREWS, a minor. | CASE NO. **CIVSB2204565**<br><br>[Complaint filed:  March 22, 2022] |
| Plaintiffs, | **NOTICE OF RULING AT FURTHER TRIAL SETTING CONFERENCE/OSC RE PROOF OF SERVICE** |
| v. | |
| CHAD RICHARD GOODRO; TOWN OF APPLE VALLEY, CA, an incorporated municipal corporation; DOES 1-100, | DATE:  January 9, 2023<br>TIME: 8:30 am<br>DEPT.: S31 - SBJC |
| Defendants. | |

**PLEASE TAKE NOTICE** that on January 9, 2023, this matter came on for hearing for a scheduled Further Trial Setting Conference/OSC re Proof of Service. Alex Gilanians appeared on behalf of Plaintiffs.

The Court entered the following order:

1.     Further Trial Setting Conference/OSC re Proof of Service is continued to April 10, 2023, at 8:30 a.m.

1
NOTICE OF RULING AT FURTHER TSC/OSC RE PROOF OF SERVICE

1    2. Plaintiff to give Notice.

2

3   Dated: May 27, 2023                   ALEX GILANIANS, APLC

4

5                                         By _____

6                                            Alex Gilanians, Esq.
                                             Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**NOTICE OF RULING AT FURTHER TSC/OSC RE PROOF OF SERVICE**

EXHIBIT "2"

EXHIBIT "2"



**Town of Apple Valley**
**Park and Recreation Department**
14955 Dale Evans Parkway, Apple Valley, CA 92307
Phone: (760) 240-7880 FAX: (760) 240-7887

Town of
Apple Valley



Rental #
In Book
Verified By

**FACILITY USE AGREEMENT**

**Complex Requested:** James Woody Field #8        **Type of Event:** Football & Cheer Practices

**Date of Use:** July 26th, 2021 - December 4th, 2021        **Hours: From** 6:00pm am/pm **To** 8:00pm am/pm **Total Hours:** 2 hrs
*Hours of use must include set-up time and take-down/clean-up time.

**Name of Applicant:** Melissa Moon        **Email Address:** chadmelissamoon@yahoo.com

**Date of Birth:** 08/25/1977        **Phone: Home** _____        **Cell** (760) 717-7107

**Address:** 12277 Apple Valley Rd #335        **City:** Apple Valley        **Zip:** 92307

**Organization Name:** Apple Valley Rebels Football & Cheer        **Non-Profit ID:** 46-5013203
*Alcohol Allowed in Town Facilities by Special Permit Only; Additional Insurance and Security Guards Required

**Estimated Attendance:** Youth  120 ppl        Adult  60        Total  180
*Occupancy cannot exceed maximum capacity of building    Text
Will alcohol be present? Yes____ No X    Sold? Yes____ No X    ABC Permit Required? Yes____ No X
Will admission be charged, or collection taken? Yes____ No X    Will items be sold? Yes____ No X
List items with amounts: _____    Resale Permit #: _____
Will a bounce house be present? Yes____ No X    *Additional Insurance from bounce house supplier received_____ Date:_____

---

**\* FOR FACILITY RENTALS ONLY**
The following chairs and tables are available for use unless otherwise noted. Quantities listed are approximate.

| | | | |
|---|---|---|---|
| **Auditorium** | 200 chairs | 40 – 8' tables | **Conference Center** 300 chairs   10 – 6' tables   2–4' tables |
| **Arts and Crafts** | 40 chairs | 6 – 6' tables | 50 – 4' round tables   24 – 5' round tables |
| **Other** | | | **Recreation Center** 190 chairs   20 – 5' round tables   12 – 8' tables |

---

I have read, understand and agree to abide by the stated rules and regulations on the back of this form. My signature certifies all information on this application is true. I understand and agree that any misstated facts or omission of material fact herein may result in the forfeiture of reservation deposit and not being allowed to rent the facility in the future. I also realize that the use of facilities is granted upon the expressed condition that I shall indemnify, defend and hold harmless the Town of Apple Valley, and its officers, employees and agents, from and against any and all causes of action, claims, liabilities, obligations, judgments, or damages, including reasonable attorney's fees and cost of litigation, arising from any and all activities, including damage to property during such time as said facilities shall be used in accordance with this agreement. The applicant and all others using Town of Apple Valley Park and Recreation Department facilities hereby waive any claims against the Town of Apple Valley, its officers, employees and agents.
**THE SIGNATURE BELOW CERTIFIES THAT I HAVE READ, I UNDERSTAND, AND I AGREE TO ALL OF THE PROCEDURES, RESTRICTIONS AND CONDITIONS OF THIS AGREEMENT, HAVE RECEIVED A COPY OF THE FACILITY REFUND POLICY AND, AS A REPRESENTATIVE OF THE ABOVE LISTED GROUP/ORGANIZATION, SIGN THIS AGREEMENT OF MY OWN FREE WILL.**

**Signature** *Melissa Moon*        **Date** 04/05/2021

**Parks and Recreation Manager Approval** _____        **Date** 4/8/21
*This Facility Use Agreement must be approved in order to proceed with your event. You must bring a copy of this FUA to your rental.*
*Note: Facility staff will open the facility ONLY at time listed above. Please be prompt!*

---

**ALL FEES, INSURANCE, and SECURITY ARRANGEMENTS DUE PRIOR TO:** _____

| Office Use Only | Amt. Due | Amt. Pd | Date | | |
|---|---|---|---|---|---|
| Reservation / Security Deposit | | | | X | Copy Park Staff |
| Rental fees | | | | X | Copy Facility Staff Runner will call facilities for lights as needed |
| Kitchen use | | | | | Copy Recreation Staff |
| Insurance | | Exp. 2·18·22 | | | Notify Police Dept. Yes____ No____ Date notified:____ |
| Lights | | | | | Comments/Conditions for Use |
| Set-Up/Take Down | | | | | July - August 31  Mon – Fri |
| | | | | | September - December 4th  Tu-Th |
| Security Guards Required? Yes____ No ____ | | | | | Must follow County Guidelines |
| # of guards____ from____ am/pm to____ am/pm | | | | | Emailed to Melissa 4.8.21 © |
| | | | | | Date cc'd: Parks:____ Facilities:____ Recreation:____ |

**IN CASE OF EMERGENCY REGARDING YOUR RENTAL PLEASE CALL – (760) 961-6001**

White – Department Copy
Yellow – Customer Copy

## RULES AND REGULATIONS

1. A facility is not considered rented until (1) Renter delivers to the Town the Facility Use Agreement (FUA), rental fee, deposit, certificate of insurance, written evidence of permits and licenses and any other items deemed necessary by the Town; and (2) the Town, in its sole discretion, approves such rental in writing. An approved Facility Use Agreement (FUA) is required for all groups and must be in possession of the Lessee or representative of the event. An FUA must be completed by adult, ages twenty-one (21) and above. Renter shall provide the Park and Recreation Department with a single contact that is to serve as the representative for Renter's activities.

2. The facility shall be used for the purpose stated in this agreement and no other use will be permitted.

3. Entrance to the facility is allowed by presenting your copy of the FUA to Parks staff at the time specified on the approved application, and Lessee is expected to leave at the time specified. The specified times should include all set-up and clean-up time. Any function going beyond the contracted time may be charged double the regular rate for all over-time.

4. Town staff will conduct periodic checks of the facility. Failure to comply with the information you provided on the FUA (presence of alcohol, number in attendance, etc.) may result in the closure of your rental and the forfeiture of all fees paid.

5. The right to revoke permission to use a facility at any time is retained by the Town of Apple Valley.

6. FUAs shall not be approved in such a manner that, in the opinion of the Parks and Recreation Department constitutes a monopoly for the benefit of any individual, group or organization.

7. Lessees shall not assign or sublease any portion of the premises or any rights under this lease, without prior approval of the Parks and Recreation Department. Any such assignment of sublease shall be void and the Town shall have the right to exclude any and all persons from the facility attempting to exercise any right or privilege under such assignment or sublease.

8. In the event the facility is left damaged, Renter shall be charged for any and all janitorial and/or repair fees incurred by the Town as a result of same and these fees shall be billed to Renter.

9. CLEAN-UP PROCEDURE: The facility is to be left in the condition it was found. Table tops must be cleaned off; decorations removed; all trash inside/outside premises must be picked up and bagged and placed in the dumpster. Trash cans and liners are provided. Failure to leave facility in presentable condition will result in loss of cleaning deposit. Tables and chairs must not be moved room to room.

10. Renter is responsible for any lost keys, and any costs that the Town might incur to replace and/or re-key the facility.

11. Any person or agency holding a reservation for the use of Town facilities and desiring to cancel such reservation will be subject to the forfeiture of a portion of or the entire reservation deposit for the facility in accordance with the adopted refund policy of the Town of Apple Valley Parks and Recreation Department.

12. The Town of Apple Valley is not responsible for injuries or damage to the Lessee or guests of the Lessee or loss of personal property left in or on the premises.

13. Renter shall procure and maintain public liability insurance against any and all losses, costs, expenses, claims, liabilities, actions, or damages, including liability for injuries to any person(s) or damage to property arising at any time during and/or arising out of or in any way connected with Renter's use or occupancy of the Town's facilities and adjoining property in the amount of $1,000,000 (one million dollars) per occurrence. Such insurance shall name the Town, its officers, employees, and agents as additional insureds prior to the rental date of the facility. Renter shall file certificates of such insurance with the Town, which shall be endorsed to provide thirty (30) days notice to the Town of cancellation or any change of coverage or limits. If a copy of the insurance certificate is not on file prior to the event, the Town may deny access to the facility. If you are unable to obtain insurance, you may purchase insurance through the liability carrier of the Town.

14. Renter shall report any personal injuries or property damage arising at any time during and/or arising out of or in any way connected with Renter's use or occupancy of the Town's facilities and adjoining property to the Town Manager or his/her designee, in writing and as soon as practicable.

15. Renter waives any right of recovery against the Town, its officers, employees and agents for fires, floods, earthquakes, civil disturbances, regulation of any public authority, and other causes beyond their control. Renter shall not charge results of "acts of God" to the Town, its officers, employees or agents.

16. Renter waives any right of recovery against the Town, its officers, employees and agents for indemnification, contribution or declaratory relief arising out of or in any way connected with Renter's use or occupancy of the facility and adjoining property, even if the Town, its officers, employees or agents seek recovery against Renter.

17. Renter is solely responsible for supervising all individuals at the facility and adjoining property during the event. At least one adult for every twenty minors must be present at all times. Consumption of alcoholic beverages by minors is against the law and will result in the immediate closure of the facility and the forfeiture of fees. Alcoholic beverages are confined to inside the facility and permitted only at areas designated or approved by the Parks and Recreation Department. State laws on alcoholic beverages prevail. Alcohol is not permitted in Town of Apple Valley Parks.

18. Smoking is not permitted in Town of Apple Valley public buildings by State Law. Failure to comply will result in the closure of the event.

19. The Parks and Recreation Department does not permit fires, other than those in designated picnic areas, without prior approval.

20. Only fireproof or fire retardant materials may be used for decorations. At no time shall decorations hang from, cover, or obstruct exits, exit lights, or fire sprinklers. Lessee shall not drive any nails, screws, tacks, pins or other objects into the floor, walls, ceiling partitions, doors, door or window casing, or woodwork of the facility, or make any other alterations therein, except as may be authorized.

21. Thermostats, electrical panels, etc. shall not be tampered with. Any problems with the building should be reported to (760)961-6001.

22. No structure or sets are to be built unless specifically provided for herein, no shrubbery or trees are to be cut, trimmed or injured.

23. Renter shall not store any equipment or materials at the facility or adjoining property without the prior written approval of the Town Manager or his/her designee.

24. Renter shall not remove, relocate or take Town property outside of the facility for any reason without the prior written approval of the Town Manager or his/her designee.

25. Renter shall not use Town equipment, tools or furnishings located in or about the facility without the prior written approval of the Town Manager or his/her designee.

26. Renter shall secure the approval of the Town before using audio/visual systems, public address systems and live or recorded amplified music. Renter shall not record, televise or broadcast the event or any portion thereof without prior written approval of the Town Manager or his/her designee.

27. No advertising shall be exhibited, no petition shall be circulated, and no solicitation or sales shall be made in the facility or grounds without prior approval from the Parks and Recreation Department. The Town, at the sole discretion of the Manager, may require an additional 10% commercial fee for sales made in the facility.

28. Renter shall not use the Town's name to suggest endorsement or sponsorship of the event without prior written approval of the Town Manager or his/her designee. Renter's publicity of the event shall clearly and accurately identify the name of the sponsoring organization or individual.

29. Gambling of any kind is not permitted at the facility.

30. Renter shall not drive motorized vehicles on ballfields or turf areas. Vehicles must be contained to designated public right of ways and parking lots.

31. No animals are permitted in the facility, with the exception of guide dogs unless approved by the Town Manager or his/her designee.

32. The Town may impose additional requirements as deemed necessary to protect the health, safety and/or welfare of the community.

33. Any person aggrieved by the Town's decision with respect to this agreement may appeal to the Town Manager or his/her designee in writing no later than five (5) days after the Town's decision has been communicated to the aggrieved party.

34. If any provision of this agreement is held to be invalid or unenforceable, the remaining provisions shall remain in full force and effect.

35. Violation of any part of the facility use agreement could result in the forfeiture of your deposit.

**IN CASE OF EMERGENCY REGARDING YOUR RENTAL PLEASE CALL – (760) 961-6001**

White – Department Copy
Yellow – Customer Copy



# Facility Permit

Permit #    **2503**
Purchased   **Apr 6, 2021**
Printed      **Apr 6, 2021**
Status       **Approved**

Apple Valley Town Hall
14955 Dale Evans Pkwy
Apple Valley, CA 92307
*Contact*
*Phone*

**Apple Valley Rebels**
**Attn: Apple Valley Rebels**
**12277 Apple Valley Rd. #335**
**Apple Valley, CA 92308**

| | |
|---|---|
| **Operator:** | Tashina Miniszewski Toav |
| **Reservation Name:** | AV Rebels Practice |
| **Client's Phone:** | 760-515-6538 |
| **Expected # of** | 180 |

----------------------------     Reservations     ----------------------------

| **Facility** | | | **Address** | | |
|---|---|---|---|---|---|
| James Woody Field #8 | | | | | |

| Date reserved | Rental Start | Rental End | | | |
|---|---|---|---|---|---|
| Mon 07/26/2021 | 6:00PM | 8:00PM | Tue 07/27/2021 | 6:00PM | 8:00PM |
| Wed 07/28/2021 | 6:00PM | 8:00PM | Thu 07/29/2021 | 6:00PM | 8:00PM |
| Fri 07/30/2021 | 6:00PM | 8:00PM | Mon 08/02/2021 | 6:00PM | 8:00PM |
| Tue 08/03/2021 | 6:00PM | 8:00PM | Wed 08/04/2021 | 6:00PM | 8:00PM |
| Thu 08/05/2021 | 6:00PM | 8:00PM | Fri 08/06/2021 | 6:00PM | 8:00PM |
| Mon 08/09/2021 | 6:00PM | 8:00PM | Tue 08/10/2021 | 6:00PM | 8:00PM |
| Wed 08/11/2021 | 6:00PM | 8:00PM | Thu 08/12/2021 | 6:00PM | 8:00PM |
| Fri 08/13/2021 | 6:00PM | 8:00PM | Mon 08/16/2021 | 6:00PM | 8:00PM |
| Tue 08/17/2021 | 6:00PM | 8:00PM | Wed 08/18/2021 | 6:00PM | 8:00PM |
| Thu 08/19/2021 | 6:00PM | 8:00PM | Fri 08/20/2021 | 6:00PM | 8:00PM |

*You must have this permit with you while on-site. It is your proof of rental should it be needed.*



# Facility Permit

Permit #    **2503**
Purchased   **Apr 6, 2021**
Printed      **Apr 6, 2021**
Status       **Approved**

Apple Valley Town Hall
14955 Dale Evans Pkwy
Apple Valley, CA  92307
*Contact*
*Phone*

Apple Valley Rebels
Attn: Apple Valley Rebels
12277 Apple Valley Rd. #335
Apple Valley, CA 92308

--------------------------- **Reservations** ---------------------------

| | | | | | |
|---|---|---|---|---|---|
| Mon 08/23/2021 | 6:00PM | 8:00PM | Tue 08/24/2021 | 6:00PM | 8:00PM |
| Wed 08/25/2021 | 6:00PM | 8:00PM | Thu 08/26/2021 | 6:00PM | 8:00PM |
| Fri 08/27/2021 | 6:00PM | 8:00PM | Mon 08/30/2021 | 6:00PM | 8:00PM |
| Tue 08/31/2021 | 6:00PM | 8:00PM | Wed 09/01/2021 | 6:00PM | 8:00PM |
| Thu 09/02/2021 | 6:00PM | 8:00PM | Tue 09/07/2021 | 6:00PM | 8:00PM |
| Wed 09/08/2021 | 6:00PM | 8:00PM | Thu 09/09/2021 | 6:00PM | 8:00PM |
| Tue 09/14/2021 | 6:00PM | 8:00PM | Wed 09/15/2021 | 6:00PM | 6:00PM |
| Thu 09/16/2021 | 6:00PM | 8:00PM | Tue 09/21/2021 | 6:00PM | 8:00PM |
| Wed 09/22/2021 | 6:00PM | 8:00PM | Thu 09/23/2021 | 6:00PM | 8:00PM |
| Tue 09/28/2021 | 6:00PM | 8:00PM | Wed 09/29/2021 | 6:00PM | 8:00PM |
| Thu 09/30/2021 | 6:00PM | 8:00PM | Tue 10/05/2021 | 6:00PM | 8:00PM |
| Wed 10/06/2021 | 6:00PM | 8:00PM | Thu 10/07/2021 | 6:00PM | 8:00PM |
| Tue 10/12/2021 | 6:00PM | 8:00PM | Wed 10/13/2021 | 6:00PM | 8:00PM |
| Thu 10/14/2021 | 6:00PM | 8:00PM | Tue 10/19/2021 | 6:00PM | 8:00PM |
| Wed 10/20/2021 | 6:00PM | 8:00PM | Thu 10/21/2021 | 6:00PM | 8:00PM |
| Tue 10/26/2021 | 6:00PM | 8:00PM | Wed 10/27/2021 | 6:00PM | 8:00PM |

*You must have this permit with you while on-site. It is your proof of rental should it be needed.*



# Facility Permit

Permit #       **2503**
Purchased     **Apr 6, 2021**
Printed         **Apr 6, 2021**
Status          **Approved**

Apple Valley Town Hall
14955 Dale Evans Pkwy
Apple Valley, CA  92307
*Contact*
*Phone*

Apple Valley Rebels
Attn: Apple Valley Rebels
12277 Apple Valley Rd. #335
Apple Valley, CA 92308

---------------------------      Reservations      ---------------------------

| Thu 10/28/2021 | 6:00PM | 8:00PM | Tue 11/02/2021 | 6:00PM | 8:00PM |
| Wed 11/03/2021 | 6:00PM | 8:00PM | Thu 11/04/2021 | 6:00PM | 8:00PM |
| Tue 11/09/2021 | 6:00PM | 8:00PM | Wed 11/10/2021 | 6:00PM | 8:00PM |
| Thu 11/11/2021 | 6:00PM | 8:00PM | Tue 11/16/2021 | 6:00PM | 8:00PM |
| Wed 11/17/2021 | 6:00PM | 8:00PM | Thu 11/18/2021 | 6:00PM | 8:00PM |
| Tue 11/23/2021 | 6:00PM | 8:00PM | Wed 11/24/2021 | 6:00PM | 8:00PM |
| Thu 11/25/2021 | 6:00PM | 8:00PM | Tue 11/30/2021 | 6:00PM | 8:00PM |
| Wed 12/01/2021 | 6:00PM | 8:00PM | Thu 12/02/2021 | 6:00PM | 8:00PM |

**Permit Notes:** ----------------------------------------------------------------
Renter will call Facilities for lights as needed.

**Additional Notes:** ----------------------------------------------------------------

*You must have this permit with you while on-site. It is your proof of rental should it be needed.*

Page 3 of 3

EXHIBIT "3"

EXHIBIT "3"

 

**insuring the world's fun®**

May 18, 2023

MR HARVEY W WIMER
GRAVES & KING LLP
2280 MARKET STREET SUITE 320
RIVERSIDE CA  92501

<u>**Via Certified Mail, Return Receipt Requested**</u>
<u>**# 7022 2410 0003 1016 5251**</u>

Re:  *Lawrence Andres Jr., an individual and as representative of the*
*Decedent, and Sarah Andrews, an individual, Amoryonna Andrews, a*
*minor, and Jordan Andrews, a minor. v Chad Richard Goodro; Town of*
*Apple Valley, CA, an incorporated municipal corporation; Does 1-100.*
*Case No. CIVSB2204565 San Bernardino County Superior Court,*
*California.*

|  |  |  |
|---|---|---|
| Our File No. | : | NW51215-20/SBU00920 |
| Our Insured | : | Apple Valley Rebels Youth Football & Cheer dba AV Heat |
| Your Client | : | Town of Apple Valley California |
| Date of Loss | : | October 19, 2021 |
| Policy No. | : | RPG7258600 |
| Policy Term | : | December 14, 2020, through December 14, 2021 |

Dear Mr. Wimer:

K&K Insurance Group, Inc. is a claims administrator for Nationwide Mutual Insurance Company ("The Company") which issued the above referenced insurance policy in connection with the above matter.  In that capacity, we have been asked to send this correspondence to you as the representative for Town of Apple Valley, CA, an identified defendant in the above captioned matter.   The purpose of this letter is to advise you that, for the reasons set forth below, The Company is respectfully rejecting the tender seeking defense of The Town of Apple Valley, CA from the policy issued to Apple Valley Rebels Youth Football & Cheer dba AV Heat. The specified reason(s) for this decision is outlined below.

1712 Magnavox Way, P.O. Box 2338
Fort Wayne, IN 46801-2338
800-237-2917 Fax: 260-459-5910
Participant Accident Fax: 312-381-9077
**www.kandkinsurance.com**
California License #0334819

In California DBA Specialty Benefits Administrators, Inc.

## FACTUAL SUMMARY

The Plaintiffs have filed a Complaint seeking to recover damages because of Lawrence Andrews, III's death.  The decedent and his family were leaving James A. Woody Community Center Park, crossing Ottawa Road, when the decedent was struck by a vehicle operated by Chad Richard Goodro.  Mr. Goodro was later arrested and charged for the incident. The Plaintiffs allege that due to extremely limited parking facilities onsite at the James A. Woody Community Center and Park, patrons are often forced to park off-site and must cross substantially unlighted streets with no marked crosswalks and no signage.  The Plaintiffs further allege that the surrounding area was negligently designed, controlled, installed, constructed, overseen, and maintained in an unsafe and improper manner by Town of Apple Valley.

The Complaint contains the following causes of action against Town of Apple Valley:

- **Fourth Cause of Action – Negligence**
- **Fifth Cause of Action – Wrongful Death**
- **Sixth Cause of Action – Survival**

The plaintiffs are seeking to recover costs, attorneys' fees, punitive damages and an open prayer for compensatory damages.

Please note that The Company makes no assumption as to the validity of any allegations brought on behalf of the Plaintiffs.  However, the nature of the allegations must be considered when determining whether coverage is applicable in a particular matter. If you disagree with this description of this matter or if you have additional information that you feel affects this coverage position, please contact the undersigned immediately.

The Company issued Commercial General Liability policy number RPG 7258600 to Apple Valley Rebels Youth Football & Cheer with effective dates of December 14, 2020, through December 14, 2021. The policy provides $1,000,000 under the Commercial General Liability coverage.

The insureds policy is written from the Commercial General Liability Coverage Form CG 00 01 04 13 which reads in part as follows:

### *SECTION I – COVERAGES*

#### *COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

1. *Insuring Agreement*
   a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

  (1) *The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*

  (2) *Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under*

   *Coverages **A** or **B** or medical expenses under Coverage **C**.*

 *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.*

 **b.** *This insurance applies to "bodily injury" and "property damage" only if:*

  (1) *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

  (2) *The "bodily injury" or "property damage" occurs during the policy period;...*

The Policy provides the following Definitions to the identified terms.

**SECTION V-DEFINITIONS**

  3. *"Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright, humiliation, emotional distress or death resulting from bodily injury, sickness or disease. (The Definition is amended by endorsement SRPG115 (07/13) Commercial General Liability Broadening Endorsement.*

 13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

 17. *"Property damage" means:*

  a. *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

  b. *Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence "that caused it...*

 *For the purposes of this insurance, electronic data is not tangible property...*

**SECTION II – WHO IS AN INSURED**

*1. If you are designated in the Declarations as:*

 *b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.*

  *c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.*

  *d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.*

*2. Each of the following is also an insured:*

  *a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.*

The Policy issued to the Apple Valley Rebels Football & Cheer dba AV Heat, includes the Endorsement CG 20 26 04 13 **ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION.** As required in the provided contract for Field #8 at the James A Woody Community Center Park, The Town of Apple Valley as listed as a Scheduled Additional Insured.

Endorsement CG 20 26 04 13 **ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION** is attached to the policy and states in pertinent part;

*This endorsement modifies insurance provided under the following:*

  *COMMERCIAL GENERAL LIABILITY COVERAGE PART*

***SCHEDULE***

*Name of Additional Insured Person(s) Or Organization(s)*
*Town of Apple Valley*
*14955 Dale Evans Pkwy*
*Apple Valley, CA 92307*

 **A. *Section II – Who Is An Insured*** *is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf;*

  ***1.*** *In the performance of your ongoing operations; or*
  ***2.*** *In connection with your premises owned by or rented to you.*

As you are aware with the copy of the Endorsement, this coverage would define the Town of Apple Valley, California, with respect to the liability of the Policyholder (Apple Valley Rebels Youth Football & Cheer dba AV Heat) in the event of a bodily injury, property damage or personal and advertising injury claim made against them. Based on the underlying facts of this

claim made by the Plaintiffs, there is no claim at this time made against our named insured/policyholder and thus the Additional Insured Endorsement has not been triggered.

Outside of The Town of Apply Valley, California being an Additional Insured on this policy, the available information indicates that the Tendering Party is not a named insured under the Policy nor have we been provided with evidence that the Tendering Party would otherwise qualify as an "insured" in any other fashion in accordance with the "Who is an Insured" section of the Policy. The Policy does not, therefore, apply directly in the Tendering Party's behalf in these types of capacities.

A certificate of liability insurance was issued identifying Town of Apple Valley as an additional insured as the Owner/Lessor of Premises. This Certificate as it also states within the ACCORD Form, does not amend, or extend coverage from this policy. Apple Valley Rebels Youth Football & Cheer has no control over the design of the roads, lighting, or parking availability. Lawrence Andrews, III's death did not occur during an Apple Valley Rebels Youth Football & Cheer game or practice or on the premises rented to them. As such, Lawrence Andrews, III's death was not caused, in whole or in part, by the acts or omissions of Apple Valley Rebels Youth Football & Cheer.

In support of the tender, an Agreement was included with your April 28, 2023, letter. Purportedly, Apple Valley Rebels Youth Football & Cheer entered a Facility Use Agreement with the Town of Apple Valley to use field #8 at the James A. Woody Community Center Park from July 26, 2021, to December 4, 2021, from 6:00 p.m. to 8:00 p.m.

To the extent the Tendering Party requests defense and/or indemnity as a contractual indemnitee, the Company respectfully rejects this request. The Tendering Party enjoys no relationship or contractual privity with the Company under which they might directly bring a claim for coverage from our insured's policy. Any such alleged contractual obligation issues exist between the parties of the contract, not between the Tendering Party and the Company. A party's obligation to indemnify another does not arise until such a time as a judicial determination of liability, damages, and validity of any alleged contract between the parties is made or all parties to the matter have reached agreement on those and other issues. Therefore, the Company respectfully rejects the Tendering Party's request for immediate defense and/or indemnification under a contractual liability theory.

There are no allegations in this matter that meet the specifically enumerated offenses that are defined as "personal and advertising injury". Accordingly, there is no potential for coverage for this matter under **Coverage Part B**, and coverage is also excluded on this basis.

Please note that there may also be additional policy provisions, terms and/or conditions that may also serve to preclude coverage for this loss. Failure to specifically reference any such additional policy provision, term and/or condition at this time shall not serve as a waiver of any such additional policy provision, term and/or conditions. The Company reserves its rights to amend this letter and to assert any such additional policy provision, term and/or condition as may ultimately prove applicable in this matter.

At this time, The Company respectfully rejects any duty to defend and / or indemnify Town of Apple Valley with respect to the Complaint that has been filed by the Plaintiffs seeking damages

for the death of Lawrence Andrews, III when he was struck by a vehicle while crossing a public road owned and maintained by the Town of Apple Valley.

This coverage determination was made based on the materials provided to us. We will, of course, consider any additional information and documentation that you believe supports your position on coverage and ask that you send any such material to the undersigned.

Thank you for your kind attention to this matter. Should you have any questions regarding this letter, or should you wish to discuss this matter in further detail please contact the undersigned directly.

If you believe this coverage determination to be inaccurate, or that the claim has been wrongfully disclaimed or rejected in whole or in part, you may have the matter reviewed by the Department of Insurance. Their contact information is State of California Department of Insurance, Claims Services Bureau, 11th Floor, 300 South Spring Street, South Tower, Los Angeles, CA, 90013. The telephone number is 1-800-927-4357 (Calling from within CA); 213-897-8921 (Outside California).

A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a claim containing false, incomplete, or misleading information may be prosecuted under state law.

Regards,

*Paula Creel*

Paula Creel
Claim Litigation Analyst
260-459-5843
Paula.creel@kandkinsurance.com

cc
MELISSA MOON
Apple Valley Rebels Youth Football & Cheer
Via email:  chadmelissamoon@yahoo.com

EXHIBIT "4"

EXHIBIT "4"

# Hirsch Closson

A PROFESSIONAL LAW CORPORATION
5030 CAMINO DE LA SIESTA, SUITE 300
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 233-7006 ~ FACSIMILE (925)935-9825

WALNUT CREEK OFFICE
1600 SOUTH MAIN STREET
SUITE 325C
WALNUT CREEK, CA 94596
Telephone:(925)935-9800
Fax:(925)935-9825

Robert V. Closson, Esq. (619)
233-7006 ext. 2
bclosson@hirschclosson.com

July 14, 2023

Via Certified Mail - Return Receipt Requested
Via E-Mail: Paula.creel@kandkinsurance.com

Paula Creel
Claim Litigation Analyst
K&K Insurance
P.O. Box 2338
Fort Wayne, IN 46801-2338

RE:   *Andrews et al. v. Chad Richard Goodro, et al.*
      San Bernardino Sup. Ct. Case No. CIVSB2204565
      Our Client          :     Town of Apple Valley
      Insurer             :     Nationwide Mutual Ins. Co.
      Your File No.       :     NW51215-20/SBU00920
      Named Insured       :     Apple Valley Rebels Youth Football & Cheer dba
                                AV Heat
      Policy No.          :     RPG7258600

Dear Ms Creel:

I am coverage counsel for the Town of Apple Valley City of ("TAV") with respect to the above referenced action ("the action") arising from personal injuries caused in whole or in part by the acts or omissions of Nationwide Mutual Ins. Company's ("Nationwide") named insured, Apple Valley Rebels Youth Football & Cheer dba AV Heat ("AV Heat"). This letter will respond to your May 18, 2023 letter to TAV's defense counsel Harvey Wimer, denying coverage to TAV as an additional insured under the Nationwide policy. For the reasons discussed below, TAV is entitled to a defense as an additional insured under the Nationwide policy.

The bases for the denial of coverage appear to fall into three categories: (1) the observation that AV Heat is not a party to the action; (2) the contention that TAV does not qualify for coverage as either a named insured or additional insured, in part because of the contention that AV Heat "has no control over the design of the roads, lighting, or parking availability"; and (3) because Nationwide is not a party to the contract between AV Heat and TAV, and consequently has no liability under a contractual liability theory. None of these bases support Nationwide's denial of coverage.

Paula Creel
K&K Insurance
RE: *Andrews et al. v. Chad Richard Goodro, et al.* / NW51215-20/SBU00920
July 14, 2023
Page 2

### It is irrelevant that AV Heat is not a party to the action

There is no contractual or legal requirement that the named insured must also be sued in the action as a condition precedent to the insurer's obligation to defend an additional insured. All that is required is potential liability for covered damage during the policy period and that the terms of the additional insured endorsement are potentially satisfied. The fact that AV Heat is not a party to the action is therefore irrelevant. Finally, as a practical matter, all such an argument would accomplish would be to force the indemnitee (TAV) to cross complain against the indemnitor (AV Heat), which would result in Nationwide ultimately paying to defend both AV Heat and TAV.

### TAV is entitled to coverage as an additional insured

The policy provides coverage for TAV as a scheduled additional insured, on an ISO CG 2026 additional insured form. That form provides coverage for TAV under California law if TAV is **potentially** liable, "in whole or in part", for AV Heat's "acts or omissions", or of those acting on its behalf.

Nationwide apparently contends that the additional insured endorsement is not triggered because AV Heat has no control over the design of streets, lighting, or parking availability, and/or because the incident did not occur "during" an actual game or practice. It is however, undisputed that the decedent was at the field with his family participating in football practice as members of the AV Heat. When practice concluded they crossed the street to where they had parked in a dirt field on the south side of Ottawa Road. That lot is not owned or maintained by the TAV.

HV Heat's use of the facilities was pursuant to a "Facility Use Agreement" previously provided by Mr. Wimer, which indicates that AV Heat agreed to indemnify, defend and hold harmless the TAV from any and all causes of action, claims, liabilities, obligations, judgments, or damages, including reasonable attorneys fees, arising out of any and all "activities". Paragraph 12 of the Rules and Regulations section of the Facility Use Agreement indicates that TAV is not responsible for injuries to AV Heat or its guests, and Paragraph 13 indicates that TAV was to be covered as an additional insured for injuries "arising at any time during and/or arising out of or in any way connected with [AV Heat's] use or occupancy of the Town's facilities and adjoining property." The failure to provide such additional insurance is a breach of contract by AV Heat. Paragraph 17 indicated that AV Heat is solely responsible for supervising all individuals at the facility and adjoining property

Paula Creel
K&K Insurance
RE:  *Andrews et al. v. Chad Richard Goodro, et al.* / NW51215-20/SBU00920
DRAFT
Page 3

during the event. Finally, paragraph 30 indicates that "vehicles must be contained to designated public right of ways and parking lots."

In violation of paragraph 30, AV Heat allowed its guests and members to park in a dirt field which they had to cross Ottawa Road to access, rather than in safe, designated parking areas as required by the Facility Use Agreement. That negligence alone is sufficient to constitute an error or omission, triggering the duty to defend TAV under the additional insured endorsement. AV Heat's obligation to provide such supervision and control extended to the time of the incident. The "event" at least potentially includes arrival and departure of members and guests rather than necessarily being confined to the practice itself. Further, the reference to "adjoining property" at least potentially includes Ottawa Road where the incident occurred. Had AV Heat made arrangements to ensure that its members and guests were parking in the safe and designated areas referenced in paragraph 30 of the Facility Use Agreement, this tragic incident would not have occurred.

In California, the duty to defend arises when there is a mere potential or possibility of coverage, based upon all information available to the insurer at the time of tender. *Pulte Home Corporation v. American Safety Indemnity Company* (2017) 14 Cal.App.5th 1086 [additional insurer in bad faith failure to defend additional insured]. The potential for coverage standard indicates that an insurer has a duty to defend unless it can prove that there is no conceivable theory which could raise a single issue which could bring the claim within the policy coverage. *McMillin Homes Construction, Inc. v. National Fire* (2019) 35 Cal.App.5th 1042 [duty to defend an additional insured].

The potential for coverage for TAV as an additional insured is easily established based upon the facts, the law and the terms of the policy. There is a clear potential for coverage and a duty to defend TAV under the terms of the Nationwide additional insured endorsement.

**Contractual liability coverage will ultimately apply**

Pursuant to the broad terms of the express indemnity and defense obligations assumed by AV Heat in the Facility Use Agreement, and the facts summarized above, AV Heat will ultimately have an obligation to pay TAV's defense costs and to indemnify it for damages. See, *Crawford v. Weather Shield Mfg.* (2008) 44 Cal.4th 541. The Facility Use Agreement qualifies as an "insured contract" under definition 9(f) of the CG0001 form. AV Heat's defense and indemnity obligation is therefore covered under exception (2) to Exclusion 2 of Coverage A of the same form. Even if Nationwide were to refuse to pay any such award, TAV would be entitled to sue Nationwide directly to recover a judgment under California Insurance Code Section 11580, and/or for "bad faith" failure to pay the judgment pursuant

Paula Creel
K&K Insurance
RE:   *Andrews et al. v. Chad Richard Goodro, et al.* / NW51215-20/SBU00920
DRAFT
Page 4

to *Hand v. Farmers Ins.* (1994) 23 Cal.App.4th 1847. Needless to say, this issue should be rendered moot by the obligation of Nationwide to defend TAV as an additional insured. However, in the event Nationwide continues to refuse to provide that defense, TAV reserves its rights to pursue all other remedies from both Nationwide and AV Heat.

For the reasons set forth in this letter and the prior correspondence from Mr. Wimer which is incorporated by reference, and without waiver of any other rights or arguments, TAV demands that Nationwide reconsider its denial and agree to defend TAV as an additional insured. TAV looks forward to a response within the time perimeters of the California Code of Regulations, Title X, Chapter 5, subchapter 7.5-Fair Claims Settlement Practices Regulations ("FCSPR"), Section 2695.5 (b).

Thank you for your attention to this matter.

HIRSCH CLOSSON, APLC

Robert V. Closson

RVC

cc:   Tim Varon
      Tvaron@carlwarren.com

      Harvey Wimer
      Hwimer@gravesandking.com

EXHIBIT "5"

EXHIBIT "5"

 **SELMAN LEICHENGER EDSON HSU NEWMAN MOORE LLP**

11766 Wilshire Blvd., Suite 600
Los Angeles, CA 90025-6546
Telephone: 310.445.0800
Facsimile:  310.473.2525
www.selmanlaw.com

Meka Moore
310.689.7041
mmoore@selmanlaw.com

September 8, 2023

**Via Email: bclosson@hirschclosson.com**

Robert V. Closson, Esq.
Hirsch Closson, APLC
5030 Camino de la Siesta, Suite 300
San Diego, California 92108

Re:   *Andrews, et al. v. Chad Richard Goodro, et al.*
      San Bernardino Superior Court Case No. CIVSB2204565

| | | |
|---|---|---|
| Our File No. | : | 2080.104034 |
| Insured | : | Apple Valley Rebels Youth Football & Cheer dba AV Heat |
| Date of Loss | : | 10/19/2021 |
| Claim No. | : | NW51215-20/SBU00920 |
| Policy No. | : | RPG7258600 |
| Policy Period | : | 12-14-20 to 12-14-21 |

Dear Mr. Closson:

Our office represents Nationwide Mutual Insurance Company ("Nationwide"), which issued the above-referenced insurance policy to Apple Valley Rebels Youth Football & Cheer dba AV Heat ("AV Heat"). Nationwide requested that we send this correspondence restating its coverage position following receipt of your July 14, 2023, correspondence requesting reconsideration of Nationwide's coverage disclaimer[1]. If there is someone else to whom we should direct this letter, please immediately advise.

As you know, this matter involves a fatal vehicle v. pedestrian accident occurring in the Town of Apple Valley ("TAV") on October 19, 2021. TAV tendered the resulting *Andrews* action to Nationwide to seek coverage under the above-referenced policy issued to the youth football organization, AV Heat. Please be advised that there is no coverage for TAV under the Nationwide policy because TAV does not qualify as an additional insured for any of the claims or causes of action alleged in the *Andrews* action.

The relevant additional insured endorsement applies only to injury caused by AV Heat's acts or omissions in the performance of its ongoing operations or in connection with the premises leased to AV Heat. The *Andrews* action does not involve any such injury or claim. The *Andrews* action alleges that only the driver and defendant TAV's negligent acts or omissions caused the injury. AV Heat's only connection to the incident is the fact the decedent was present at the accident site

---

[1] This correspondence also follows our August 23, 2023



**SELMAN LEICHENGER EDSON**
**HSU NEWMAN MOORE LLP**

Robert V. Closson, Esq.
September 8, 2023
Page 2

following his brother's football practice with AV Heat. As set forth further below, such minimal connection is not sufficient to establish the requisite causal connection for coverage.

## I.   FACTUAL BACKGROUND

On September 1, 2022, plaintiffs Lawrence Andrews, Jr., an individual and as representative of the Decedent, and Sarah Andrews, Amoryonna Andrews, and Jordan Andrews filed a First Amended Complaint ("FAC") in the above-captioned *Andrews* action against defendants Chad Richard Goodro and the Town of Apple Valley ("TAV"). AV Heat is not party to the *Andrews* action. The FAC alleges, in relevant part, as follows:

- "James A. Woody Community Center and Park (the "Park") is located at 13467 Navajo Road, Apple Valley, CA; the facility consists of 8-10 lighted ball fields, full restroom facilities, outdoor basketball courts, indoor rentable event rooms, rentable outside event shade structures, large and small playground equipment, walking trails, picnic tables, BBQ grills, and a skate park. Ottawa Road borders the James A. Woody Community Center and Park on the southside. Youth and Adult Sports leagues utilize the ball fields and facilities and thousands of children and adults attend games, community events, programs and afterschool, weekend and evening classes at the facilities." FAC, ¶ 8.

- "Depending on the number of patrons utilizing the facilities…due to extremely limited parking facilities onsite at the James A. Woody Community Center and Park, when park utilization is high, patrons are often forced to park off-site and must cross substantially unlighted streets with no marked cross-walks and no signage." FAC, ¶ 9.

- "On or about October 19, 20-21, Decedent, his stepmother and his two younger siblings were leaving the Park, and crossing Ottawa Road after Decedent finished assisting with coaching at his younger brother's peewee football game at the athletic fields at the Park…" FAC, ¶ 10.

- TAV "owed a duty of care….to provide safe parking for use while visiting the facility and safe access to those parking facilities." FAC, ¶ 40.

- "The Park has limited parking on-site and it is widely known that excess parking is available at the First Assembly of God Church located across Ottawa Road from the Park playing field that borders Ottawa Road." FAC, ¶ 43.

- "On October 19, 2021, Defendant Town was responsible for maintaining and ensuring the safety of Decedent and family at and along the previously described street crossing…and for properly and safely managing, operating, overseeing, and coordinating the travel of vehicles and pedestrians crossing from…[the] Park. FAC, ¶ 44.

**SLE** SELMAN LEICHENGER EDSON
**HNM** HSU NEWMAN MOORE LLP

Robert V. Closson, Esq.
September 8, 2023
Page 3

- On and prior to October 19, 2021, the street…and the other equipment located in the vicinity were…in an improper, dangerous and/or defective condition that was actually known…by [TAV]." FAC, ¶ 45.

- "This condition occurred in that, among other things, the roads, lighting, crossing, and the surrounding area were negligently designed, controlled, installed, constructed, overseen, and maintained in an unsafe and improper manner…in that vehicle speed restrictions are dangerously high for the purposes for which the [Park] exists, and traffic operations near and adjacent to the Park are not carried out in a safe, non-negligent and/or proper manner, which thereby caused the unreasonable risk of serious bodily injuries and death to pedestrians…" FAC, ¶ 46.

Plaintiffs assert the following causes of action based on the factual allegations asserted in the FAC: (1) Negligence – against co-defendant Goodro; (2) Negligence Per Se – against co-defendant Goodro; (3) Wrongful Death pursuant to California Code of Civil Procedure section 377.60 – against co-defendant Goodro; (4) Negligence – against co-defendant TAV; (5) Wrongful Death pursuant to California Code of Civil Procedure section 377.60 – against co-defendant TAV; and (6) Survival pursuant to California Code of Civil Procedure section 377.30 against co-defendants Goodro and TAV.

Based on these allegations and causes of action, plaintiffs seek: (1) damages in an amount according to proof; (2) economic losses; (3) pre-death injury, pain, suffering, anxiety, and emotional distress; (4) interest on any judgment; (5) costs of suit; (6) punitive damages; and (7) such other and further relief as the Court may deem just and proper.

## II.   THE FACILITY USE AGREEMENT

TAV and AV Heat executed the Facility Use Agreement on April 8, 2021. The agreement includes the following provisions:

- "Complex Requested: James Woody Field #8"

- "Type of Event: Football & Cheer Practices"

- "Date of Use: July 26, 2021 – December 4, 2021"

- "Hours: From 6:00pm to 8:00pm, Total Hours: 2 hrs."

The agreement otherwise includes the following indemnity provision and Rules & Regulations:

> I shall indemnify, defend and hold harmless the Town of Apple Valley, and its officers, employees and agents, from and against any and all causes of action, claims, liabilities, obligations, judgments, or damages, including reasonable attorney's fees and cost of litigation, arising from any and all activities, including

 **SELMAN LEICHENGER EDSON HSU NEWMAN MOORE LLP**

Robert V. Closson, Esq.
September 8, 2023
Page 4

damage to property during such time as said facilities shall be used in accordance with this agreement.

...

12. The Town of Apple Valley is not responsible for injuries or damage to the Lessee or guests of the Lessee or loss of personal property left in or on the premises."

13. Renter shall procure and maintain public liability insurance against any and all losses, costs, expenses, claims, liabilities, actions or damages, including liability for injuries to any person(s) or damage to property arising at any time during and/or arising out of or in any way connected with Renter's use or occupancy of the Town's facilities and adjoining property in the amount of $1,000,000 (one million dollars) per occurrence. Such insurance shall name the Town, its officers, employees, and agents as additional insureds prior to the rental date of the facility. Renter shall file certificates of such insurance with the Town, which shall be endorsed to provide thirty (30) days' notice to the Town of cancellation or any change of coverage or limits. If a copy of the insurance certificate is not on file prior to the event, the Town may deny access to the facility. If you are unable to obtain insurance, you may purchase insurance through the liability carrier of the Town."

...

30. Renter shall not drive motorized vehicles on ballfields or turf areas. Vehicles must be contained to designated public right of ways and parking lots.

Attached to the agreement is a Facility Use Permit showing that the Rebels reserved Field #8 on the date of loss from 6pm to 8pm.

## III.   THE POLICY

Nationwide issued Commercial General Liability Coverage Policy No. RPG7258600 to AV Heat as the named insured for the policy period December 14, 2020, to December 14, 2021. The policy includes the Additional Insured – Designated Person or Organization Endorsement pursuant to Form CG 20 26 04 13.

The endorsement provides as follows regarding TAV:

### ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:



SELMAN LEICHENGER EDSON
HSU NEWMAN MOORE LLP

Robert V. Closson, Esq.
September 8, 2023
Page 5

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| **Name of Additional Insured Person(s) Or Organization(s)** |
| --- |
| Town of Apple Valley<br>14955 Dale Evans Pkwy<br>Apple Valley, CA 92307<br><br>Named Insured: Apple Valley Rebels Youth Football & Cheer A<br>DBA: AV Heat |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations |

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

    **1.** In the performance of your ongoing operations; or

    **2.** In connection with your premises owned by or rented to you.

However:

    **1.** The insurance afforded to such additional insured only applies to the extent permitted by law; and

    **2.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

    **1.** Required by the contract or agreement; or



SELMAN LEICHENGER EDSON
HSU NEWMAN MOORE LLP

Robert V. Closson, Esq.
September 8, 2023
Page 6

    **2.** Available under the applicable Limits of Insurance shown in the
    Declarations;

    whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in
the Declarations.

## IV.   NATIONWIDE'S COVERAGE DENIAL

As set forth above, the Additional Insured – Designated Person or Organization endorsement
provides TAV additional insured status under the Nationwide policy but only with respect to
liability "caused, in whole or in part" by AV Heat's acts or omissions, or those acting on AV
Heat's behalf, in the performance of AV Heat's ongoing operations, or in connection with the
premises rented to AV Heat.

The *Andrews* FAC does not assert any allegations related to any alleged act or omission by AV
Heat. Rather, the accident occurred only due to co-defendant Goodro's negligent driving and co-
defendant TAV's alleged negligent acts or omissions including, but not limited to, (1) TAV's
failure to provide adequate parking facilities and/or safe access to those parking facilities at the
subject park; and (2) the failure to remedy the unsafe conditions created by lack of lighting,
crossing guards, marked crosswalks, reduced speed signs, etc. at the park and in the neighboring
vicinity. The additional insured endorsement is not triggered by the *Andrews* action because no act
or omission by AV Heat did cause, or was alleged to have caused, the subject accident.

California courts interpret the phrase "caused, in whole or in part" as used within additional insured
endorsements to mean that the named insured must have allegedly caused the claimed bodily injury
or property damage. *E.g.*, *Advent, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, (2016) 6
Cal.App.5th 443, 459 (denying additional insured coverage because the undisputed facts did not
establish that the claimant's injuries were "caused by" the named insured); *First Mercury Ins. Co.
v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1051 (N.D. Cal. 2016). In *Advent*, a subcontractor's
employee was injured after falling down a stairwell. The employee sued the general contractor,
who then sued the subcontractor's insurer for declaratory judgment that the general contractor was
an additional insured under the subcontractor's policy. *Id.* at 451. The policy in question extended
coverage only with respect to injuries "caused by" the subcontractor's acts or omissions. The
*Advent* court found no evidence of such causation to hold the insurer held no obligation under the
additional insured endorsement. *Id.* at 458-60. The court held that the employee's mere presence
at the jobsite was not sufficient to find that the accident was *caused by* the subcontractor's "acts
or omissions." *Id.* at 461-462.

The New York Court of Appeals in *Burlington Ins. Co. v. NYC Transit Authority* 29 N.Y.3d 313
(2017), likewise interpreted a claim for coverage under an additional insured endorsement where,
as here, the endorsement provides coverage to an additional insured only for injury "caused, in
whole or in part" by the named insured's "acts or omissions" or those acting on the named



Robert V. Closson, Esq.
September 8, 2023
Page 7

insured's behalf. The court held that such language limits coverage for additional insureds "to situations where the insured is the proximate cause of the injury." *Id.* at 323. Stated differently, coverage is limited to "damages resulting from [the named insured's] negligent or some other actionable 'acts or omissions.'" *Id.* The court noted as follows in distinguishing this language from the earlier "arising out of" language:

> "In 2004...the version of this ISO form was amended to replace the language 'arising out of' with 'caused, in whole or in part.' The change was intended to provide coverage for an additional insured's vicarious or contributory negligence, and to prevent coverage for the additional insured's sole negligence." *Id.* at 326.

The New York court in *Hanover Insurance Co. v. Philadelphia Indem. Ins. Co.* (2018) 159 A.D.3d 587 similarly held in the context of the duty to defend:

> "When 'an insurance policy is restricted to liability for bodily injury 'caused, in whole or in part,' by the 'acts or omissions' the named insured, the coverage applies to injury proximately caused by the named insured.' Such language in a policy does not equate to 'but for' causation and is not the same as policies containing the phrase, 'arising out of'. Fundamentally, "'arising out of' is not the functional equivalent of 'proximately caused by'. <u>Thus, it is not enough to merely establish a causal link to the injury.</u>" *Id.* at 587 [quoting *Burlington*] [emphasis added].

Applying the test, the court held that the insurer did not owe a duty to defend because the named insured was not the proximate cause of the claimed injuries. In *Hanover*, a security guard sued a school after he slipped and fell on a recently mopped floor while working at the school. The security company employer was not a defendant in the action. The school tendered its defense and indemnity to the insurer for the security guard's employer, claiming additional insured status under an endorsement in the policy. The court determined that, in such circumstance, the security company was not the proximate cause of the injury (i.e., not responsible for the mopped floor). Rather, "the sole proximate cause of the injury was the additional insured." *Id.*

In *Fireman's Fund Ins. Co. v. Discovery Property & Cas. Ins. Co.* (N.D. Cal. 2009) 2009 WL 2591394, the court held for an insurer to deny coverage under an additional insured endorsement that included the broader "arising out of" language. The *Fireman's* case involved a trip-and-fall accident outside a strip mall. The owner of the strip mall sought coverage under a tenant bookstores' policy because the injured party was allegedly on premises because she intended to visit the bookstore. The court rejected this claim for coverage, holding that the bookstore was not responsible for the condition causing the accident:

> "Although the phrase 'arising out of' should be broadly read to require only a minimal causal connection, it requires more than 'but for' causation.
>
> ...


SELMAN LEICHENGER EDSON
HSU NEWMAN MOORE LLP

Robert V. Closson, Esq.
September 8, 2023
Page 8

> The construction, temporary fencing, and resulting injury had nothing to do with the bookstore's use of the leased premises, but rather resulted entirely from construction activities in which the mall was separately and independently engaged. The sole cause of the incident was the mall and the construction company, not the bookstore.

> The required causal connection between the use of the lease premises and the tortious activity causing the injury is lacking. The *only* connection between the incident giving rise to liability (*i.e.,* the temporary fencing on the construction site and resulting fall) and the bookstore was the fact that [injured party] happened to be walking to the bookstore. So, but for the book signing event [she] would not have been present and injured. Mere 'but for' causation is not enough. The connection here is too thin to support a finding of coverage under the endorsement at issue based on [tenant's] use of the leased premises for the book signing event." *Id.* at *3-4.

The *Fireman's Fund* court went on to note that "the additional insured endorsement only covered liability arising out of the ownership, maintenance, or use of the leased premises. The injury did not even occur on or close to the lease premises...the remoteness of the incident further establishes that there was no causal connection or relationship." *Id.* at *4.

The FAC alleges that it was only the acts or omissions of co-defendant driver Goodro and co-defendant TAV that caused the subject accident. There are no facts or allegations to establish that AV Heat had any responsibility for the condition causing the subject accident, or that any act or omission by AV Heat contributed to the accident. As such, the additional insured endorsement is not implicated by the *Andrews* FAC such that TAV does not qualify for coverage under the Nationwide policy. Moreover, the accident did not occur on the field leased to AV Heat or during the time that the field was leased to AV Heat.

TAV otherwise asserts arguments regarding Facility Use Agreement Rule and Regulation No. 30. The rule states, in full, as follows: "Renter shall not drive motorized vehicles or ballfields on turf areas. Vehicles must be contained to designated public right of ways and parking lots." The accident at issue in the *Andrews* action was not in any way related to AV Heat driving motorized vehicles on ballfields or turf areas. Moreover, the *Andrews* plaintiffs allege (1) TAV was solely responsible for the inadequate parking at the facility; and (2) TAV failed to create a safe environment for pedestrians (due to lack of lighting, crosswalks, speed restrictions, etc.) despite TAV's knowledge that patrons parked off-site due to the lack of available parking at the park.

The indemnity agreement also does not alter this analysis as California law is clear that indemnity agreements, such as the Facility Use Agreement at issue here, do not make the indemnitee an insured under a policy issued to the indemnitor. *See, e.g., Alex Robertson Co. v. Imp. Cas.* (1992) 8 Cal. App. 4th 338, 346 (holding that an indemnity agreement does not make the indemnitee an insured under the policy and the indemnitor's insurer owes the indemnitee no direct duty to defend



**SELMAN LEICHENGER EDSON**
**HSU NEWMAN MOORE LLP**

Robert V. Closson, Esq.
September 8, 2023
Page 9

or indemnify the non-insured indemnitee.); *See also, Seretti v. Superior Nat. Ins. Co.*, (1999) 71 Cal.App.4th 920, 933.

## V.   NATIONWIDE'S RESERVATION OF RIGHTS

The policy also includes the Exclusion – Designated Operations endorsement pursuant to Form SRPG26055, which provides, in relevant part, as follows:

### EXCLUSION – DESIGNATED OPERATIONS

All coverages are modified as follows:

### SCHEDULE

**Description of Designated Operation(s):**

24-hour premises liability (unless reported to the company and the appropriate premium has been paid);

…

The operation, ownership or management of any athletic facility or field, other than while being used for covered activities;

…

**Specified Location (If Applicable):**

This insurance does not apply to the operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described operations conducted at that "location".

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, water way or right-of-way of a railroad.

Nationwide reserves all rights pursuant to the foregoing language including, but not limited to, the right to deny coverage for any claims involving 24-hour premises liability and/or the operation, ownership or management of any athletic facility or field."


**SELMAN LEICHENGER EDSON HSU NEWMAN MOORE LLP**

Robert V. Closson, Esq.
September 8, 2023
Page 10

## VI.   CONCLUSION

For the reasons explained above, Nationwide must deny any obligation under the policy for the subject claim. If you are aware of any additional facts or legal authorities that are relevant to the claim and/or that you believe would alter Nationwide's investigation or coverage position, please forward to us as soon as possible, and we will take such information under consideration.

Please be advised that nothing in this letter should be read as a waiver of any rights under the policy or applicable law. The inclusion of policy terms, conditions, definitions, exclusions and/or endorsements in this letter is not intended as, and is not, an exhaustive recitation of policy terms, conditions, exclusions, or endorsements that may potentially apply to Nationwide's coverage determination under the policy. Moreover, no action taken in connection with the investigation or handling of this matter should be deemed as an admission of coverage under the policy.

Please note that the coverage position set forth in this letter is based on currently available information. Nationwide will reevaluate its coverage position if additional documentation, information, or legal authority is submitted. Please note, however, that if any additional documentation, information, or legal authority is submitted, Nationwide reserves the right to reevaluate its entire coverage position under the policy, not merely those portions of its coverage position that may be impacted by such additional documentation, information, or legal authority.

If you believe that this claim was wrongfully denied, then you may have the matter reviewed by the California Department of Insurance. The address and telephone number of the appropriate unit is:

California Department of Insurance
300 South Spring Street, South Tower
Los Angeles, California 90013
1-800-927-4357 or 213-897-8921

You are not obligated to contact the department, and therefore Nationwide is willing to review any further information you have that you believe may alter or impact its coverage decision. Moreover, if there is any change in the facts or circumstances of this claim, please advise at your earliest convenience so that Nationwide may consider such information.

**SLE** SELMAN LEICHENGER EDSON
**HNM** HSU NEWMAN MOORE LLP

Robert V. Closson, Esq.
September 8, 2023
Page 11

If you have any questions regarding the matters discussed in this letter, please contact the undersigned.

Very truly yours,

*Meka Moore*

MEKA MOORE

MM:tjm

# COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

TOWN OF APPLE VALLEY

Case No.: **CIV SB 2 4 1 4 0 5 7**

vs.

**CERTIFICATE OF ASSIGNMENT**

NATIONWIDE MUTUAL INSURANCE CO.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino District of the Superior Court under Rule131 and General Order
of this court for the checked reason:

☐ General     ☐ Collection

**Nature of Action**   **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☒ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

TOWN OF APPLE VALLEY        14955 DALE EVANS PKWY.
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR    ADDRESS

APPLE VALLEY      CA     92307
CITY         STATE     ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on ___April 17, 2024___ at ___San Diego___ California.

_____
Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):     TRIAL SETTING CONFERENCE DATE: _____
FAX NO. (Optional):        UNLIMITED CASE: _____
                          LIMITED CASE:   _____

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case in Complaint:**

5. **Description of case in Cross-Complaint:**

6. Has all discovery been completed: Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐  No ☐  Please check type agreed to: Private: _____  Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐  No ☐  Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____          _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY

_____          _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY

COPY

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Robert V. Closson, Esq. (SBN 125646) Christopher T. Hicks, Esq. (SBN 300462)<br>HIRSCH CLOSSON, 5030 Camino de la Siesta, Suite 300, San Diego, CA 92108<br>TELEPHONE NO.: (619) 233-7006        FAX NO. : (925) 935-9825<br>EMAIL ADDRESS: bclosson@hirschclosson.com / chicks@hirschclosson.com<br>ATTORNEY FOR *(Name)*: TOWN OF APPLE VALLEY | *FOR COURT USE ONLY*<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>MAY 0 9 2024<br><br>By _____<br>                Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: SAN BERNARDINO - CIVIL DIVISION

CASE NAME:
TOWN OF APPLE VALLEY v. NATIONWIDE MUTUAL INSURANCE COMPANY, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CIV SB 2 4 1 4 0 5 7 |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount        (Amount is<br>demanded     $35,000 or less)<br>exceeds $35,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [x] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
          issues that will be time-consuming to resolve                  courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence                     court
                                                                 f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Breach of Contract, Dec Relief (Duty to Defend), Dec Relief (Duty to Indem), Implied Cov.
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 23, 2024

ROBERT V. CLOSSON, ESQ.
_____              ►              _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Town of Apple Valley -v- Nationwide Mutual Insurance Company et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE** | Case Number<br>CIVSB2414057 |

Hirsch Closson Aplc
5030 Camino De La Siesta
Suite 300
San Diego Ca 92108

This case has been assigned to: Michael A Sachs in Department S28 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference at the court located at 247 West 3rd St San Bernardino CA 92415.

Hearing Date: 11/5/24 at 8:30am in Department S28

Date: 5/9/2024                                             Anabel Z. Romero, Court Executive Officer

                                                    By:    Raymond Rojas, Deputy Clerk

----------------------------------------------------------------------------------------

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above, for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin location at this office and identified as the location for the above law firm's colleyion of file stamped documents..

Date of Mailing: 5/9/2024

I declare under penalty of perjury that the foregoing is true and correct. Executed on 5/9/2024 at San Bernardino, CA.

                                                    By:    Raymond Rojas, Deputy Clerk

BA20231870044

B2322-6579 12/11/2023 3:27 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20231870044
Date Filed: 12/11/2023

| Entity Details | |
|---|---|
| Corporation Name | NATIONWIDE MUTUAL INSURANCE COMPANY |
| Entity No. | 0313251 |
| Formed In | OHIO |

**Street Address of Principal Office of Corporation**

| Principal Address | ONE WEST NATIONWIDE BLVD. COLUMBUS, OH 43215 |
|---|---|

**Mailing Address of Corporation**

| Mailing Address | ONE WEST NATIONWIDE BLVD. COLUMBUS, OH 43215 |
|---|---|
| Attention | |

**Street Address of California Office of Corporation**

| Street Address of California Office | None |
|---|---|

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| KIRT A. WALKER | ONE WEST NATIONWIDE BLVD. COLUMBUS, OH 43215 | Chief Executive Officer |
| DENISE L. SKINGLE | ONE WEST NATIONWIDE BLVD. COLUMBUS, OH 43215 | Secretary |
| TIMOTHY G. FROMMEYER | ONE WEST NATIONWIDE BLVD. COLUMBUS, OH 43215 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Agent for Service of Process**

| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE Registered Corporate 1505 Agent |
|---|---|

**Type of Business**

| Type of Business | GENERAL INSURANCE |
|---|---|

**Email Notifications**

| Opt-in Email Notifications | No, I do NOT want to receive entity notifications via email. I prefer notifications by USPS mail. |
|---|---|

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*DENISE L. SKINGLE*

Signature

*12/11/2023*

Date

B2322-6580 12/11/2023 3:27 PM Received by California Secretary of State

HIRSCH CLOSSON, APLC
5030 CAMINO DE LA SIESTA,  SUITE 300
SAN DIEGO, CA   92108
619-233-7006
Attorney for:  TOWN OF APPLE VALLEY
Atty. File No.:  CIVSB 2414057

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
6/4/2024 12:11 PM
By: Suzanne Trujillo, DEPUTY

SUPERIOR COURT OF CA., COUNTY OF SAN BERNARDINO
SAN BERNARDINO JUSTICE CENTER

PLAINTIFF     : TOWN OF APPLE VALLEY
DEFENDANT   : NATIONWIDE MUTUAL INSURANCE ETC.

Case No. :  CIVSB2414057
**PROOF OF SERVICE OF SUMMONS**

Hearing date: November 5,2024      Time :  08:30 AM      Dept./Div. :  S28

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of the  SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CERTIFICATE OF
                ASSIGNMENT; INITIAL TRIAL SETTING CONFERENCE STATEMENT;
                NOTICE OF TRIAL SETTING CONFERENCE

3.   a.  Party Served  :   NATIONWIDE MUTUAL INSURANCE COMPANY, A OHIO CORPORATION
      b.  Person Served :   STEPHANIE GIBSON, INTAKE ASSOCIATE
                (C/F/EARLY 50S/5FT9/200LB/BLD/GLASSES)

4.   Address where the party was served: 1160 DUBLIN RD          SUITE 400
                COLUMBUS, OH  43215   (Business)

5.   I served the party
      a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party (1) on  May 14, 2024  (2) at: 12:05 PM

6.   The "Notice to the person served" (on the summons) was completed as follows:
      c.  on behalf of:  NATIONWIDE MUTUAL INSURANCE COMPANY, A OHIO CORPORATION
          under  [xx]  CCP 416.10  (corporation)

7.   **Person who served papers**
      a.  ERIKA CREMEANS
      b.  KNOX ATTORNEY SERVICE
          1550 HOTEL CIRCLE NORTH SUITE 440
          SAN DIEGO, CA 92108
      c.  619-233-9700

      d.  Fee For Service :  $ 200.15
      e.  I am
          (3)  not a registered California process server
               (i)   an independent contractor
               (ii)  Registration No.:
               (iii) County:

8.   I declare under penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct.

Date :  May 28, 2024

Signature: _Erika Cremeans_
                ERIKA CREMEANS

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**

Ref. No. :  0788649-01